PEOPLE v BROOKS

PEOPLE v WARE

1. SEARCHES AND SEIZURES—ARREST—SEARCH WARRANTS—AUTHORI-
ZATION ORDERS—ARREST WARRANTS—STATUTES.

There is no requirement that an authorization order signed by
the prosecuting attorney be filed with a judge prior to the
issuance by the judge of a search warrant; written authoriza-
tion from the prosecutor is required only for the issuance of
arrest warrants (MCLA 764.1, 780.651; MSA 28.860, 28.1259[1]).

2. ARREST—SEARCHES AND SEIZURES—COURTS—MAGISTRATES—JURIS-
DICTION—AUTHORIZATION ORDERS—ARREST WARRANTS—SEARCH
.WARRANTS—STATUTES.

A magistrate has the jurisdiction and duty: (1) to issue warrants
for the arrest of any person upon the written authorization of
the prosecuting or municipal attorney; and (2) to issue search
warrants, when authorized to do so by a district court judge
(MCLA 600.8511; MSA 27A.8511).

Appeal from Wayne, Blair Moody, Jr., J. Sub-
mitted April 11, 1977, at Detroit. (Docket Nos.
28387, 28388.) Decided May 3, 1977.

Robert L. Brooks and Ken Ware were convicted
of possession of heroin with intent to deliver.
Defendants appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Edward R. Wilson,* Re-
search, Training and Appeals, and *David B. Hig-
bee,* Assistant Prosecuting Attorney, for plaintiff.

*Milton R. Henry,* for defendants.

REFERENCE FOR POINTS IN HEADNOTES

[1, 2] 68 Am Jur 2d, Search and Seizure § 71.

Before: R. B. BURNS, P. J., and T. M. BURNS and D. C. RILEY, JJ.

R. B. BURNS, P. J. Defendants appeal their bench conviction of possession of heroin with intent to deliver. MCLA 335.341(1)(a); MSA 18. 1070(41)(1)(a).

Defendants were discovered and arrested on premises searched by the police upon execution of a search warrant issued by a Highland Park municipal judge. Defendants contend on appeal that this search warrant was invalidly issued as no authorization order signed by the prosecuting attorney was filed with the judge as allegedly required by MCLA 764.1; MSA 28.860. Accordingly, they believe that the evidence seized should be suppressed.

Defendants' contention about the (in)validity of the warrant is incorrect. MCLA 764.1; MSA 28.860 is contained in the section of the Code of Criminal Procedure entitled "Arrest" and is concerned by its express terms with "the apprehension of persons charged with offenses". By contrast, the section of the code specifically authorizing search warrants, MCLA 780.651; MSA 28.1259(1), contains no such "order in writing" requirement.

The municipal judge who issued the warrant in this case is a "magistrate" under MCLA 761.1; MSA 28.843. The most recent formulation of MCLA 600.8511; MSA 27A.8511, the statute enumerating "jurisdiction and duties" of magistrates, reads in pertinent part as follows:

"(8)(b) To issue warrants for the arrest of any person upon the written authorization of the prosecuting or municipal attorney.

* * *

"(d) To issue search warrants, when authorized to do so by a district court judge."

The Legislature obviously varied these neighboring sections intentionally so as to require a written authorization order from the prosecutor only for arrest warrants. There is no authority in the statutes or common law of Michigan for extending this requirement to search warrants.

Defendants also contend that the trial judge's finding of guilty of possession of heroin with intent to deliver was not fully supported by the evidence. Our review does not reveal this finding to have been clearly erroneous. GCR 1963, 517.1, *People v Jackson,* 390 Mich 621, 627; 212 NW2d 918, 921 (1973).

Affirmed.