JEFFERSON SCHOOLS v THE DETROIT EDISON COMPANY

Docket No. 88209. Submitted July 28, 1986, at Detroit. Decided September 8, 1986. Leave to appeal applied for.

Jefferson Schools filed a petition with the Frenchtown Township Board of Review, contending that certain property in the school district belonging to The Detroit Edison Company was underassessed. The board approved the disputed assessments. Jefferson Schools filed three petitions with the Tax Tribunal with respect to the assessments. The Tax Tribunal held that it was without jurisdiction and dismissed the petition. Jefferson Schools appealed.

The Court of Appeals *held:*

A "party in interest" empowered to file a petition with the Tax Tribunal challenging a property tax assessment is a person or entity having an ownership interest in the assessed property. Jefferson Schools was not a "party in interest" capable of invoking the Tax Tribunal's jurisdictions.

Affirmed.

1. Taxation — Party In Interest — Appeal — Property Tax.

A "party in interest" empowered to file a written petition with the Tax Tribunal challenging a property tax assessment is a person or entity having an ownership interest in the assessed property (MCL 205.735, 205.744[1], 211.30; MSA 7.650[35], 7.650[44][1], 7.30).

2. Statutes — Judicial Construction.

Where certain things are specified in the law, the intention to exclude all others from its operation may be inferred.

*Butzel, Keidan, Simon, Myers & Graham* (by *Rodman N. Myers, Jerome S. Fanger* and *Mark L. Kowalsky*), for petitioner.

References

Am Jur 2d, State and Local Taxation § 807.

Am Jur 2d, Statutes §§ 142 *et seq.*

See the annotations in the Index to Annotations under Statutes; Taxes.

*Honigman, Miller, Schwartz & Cohn* (by *Charles H. Tobias* and *Rand S. Haimes*), for The Detroit Edison Company.

Before: SULLIVAN, P.J., and ALLEN and J. T. KALLMAN,* JJ.

ALLEN, J. We are asked to determine whether Jefferson Schools, a Michigan public body corporate, may properly invoke the jurisdiction of the Michigan Tax Tribunal with respect to assessments of property not owned by Jefferson Schools but owned by The Detroit Edison Company. The Tax Tribunal held that it was without jurisdiction. Jefferson Schools appeals as of right. The issue is of first impression.

The facts are not in dispute. Respondent Detroit Edison Company owns certain property located in Frenchtown Township, Monroe County, Michigan, i.e., the Fermi I power plant, the Fermi II power plant, and the Monroe Power Plant Coal Blending Facility. In March, 1985, Jefferson Schools, which is authorized to levy taxes on the above Detroit Edison property, filed a petition before the Frenchtown Township Board of Review contending that the Detroit Edison property was underassessed. On March 26, 1985, the assessment was approved by a two-to-one vote of the board of review.

On June 28, 1985, Jefferson Schools filed three petitions with the Michigan Tax Tribunal, claiming that the Detroit Edison property was underassessed by approximately three billion dollars. As so assessed, the properties constitute sixty percent of the school district's tax base. On July 31, 1985, Jefferson Schools filed a motion for entry of default, contending that Detroit Edison and French-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

town Township had failed to timely answer or otherwise respond to its petition.

On August 7, 1985, Edison filed a motion to dismiss, contending that Jefferson Schools did not have standing to invoke the jurisdiction of the Tax Tribunal with respect to Edison's assessments. On August 19, 1985, Jefferson Schools filed a motion to strike Edison's motion to dismiss. A response to Edison's motion was filed by Jefferson Schools on August 22, 1985. On September 11, 1985, Edison filed a second motion to dismiss, contending that Jefferson Schools had not paid the proper filing fees and the Tax Tribunal's jurisdiction could not be invoked until the proper filing fees were paid. Jefferson Schools' response was filed on September 27, 1985.

By order entered September 30, 1985, the Tax Tribunal granted Detroit Edison's first motion to dismiss and denied Jefferson Schools' motion for entry of default and motion to strike. The Tax Tribunal held that Jefferson Schools was not a proper party to invoke the jurisdiction of the Tax Tribunal.

It being hereby concluded that Petitioner is not a local assessor or assessing unit, is not a taxpayer with respect to the subject property involved herein or a person "whose property was assessed", and, in the absence of lawful authority allowing Petitioner to challenge another person's property assessment, this Petitioner is not a party in interest and has no standing to invoke the jurisdiction of the Tribunal in these assessment challenges and, while Petitioner could properly move to intervene under [MCL 205.744; MSA 7.650(44)] in a matter where the taxpayer had properly and timely appealed an assessment, such is not the case here, and, pursuant to MCR 2.116, TTR 111(1) and (3) and TTR 230(1), Respondent's Motion to Dismiss should be granted.

The central issue raised in the instant case is a school district's ability to initiate in the Michigan Tax Tribunal a protest on another's property tax assessment. On this issue, we find a statutory void. Nothing in the statute states or otherwise evidences a manifest intent that a nonassessing, nontaxpaying entity, such as a school district, may invoke the jurisdiction of the Tribunal to challenge another entity's assessment. On the other hand, nothing in the statutory language expressly precludes a school district from such course of conduct. It is a rule of statutory construction that nothing will be read into a statute which is not within the manifest intention of the Legislature as gathered from the act itself. *Allstate Ins Co v DAIIE,* 73 Mich App 112, 115-116; 251 NW2d 266 (1976); 73 Am Jur 2d, Statutes, § 198, pp 394-395.

In addition to the above rule which precludes us from reading into the statute something not otherwise clearly therein, close analysis of the relevant provisions of the Tax Tribunal Act compels us to hold that the statute does not authorize a school district to file a petition with the Tax Tribunal challenging another person's assessment. Section 35 of the Tax Tribunal Act, MCL 205.735; MSA 7.650(35), states in relevant part:

> In the case of an assessment dispute as to the valuation of the property or where an exemption is claimed, *the assessment must be protested before the board of review before the tribunal may acquire jurisdiction of the dispute* under subsection (2) . . . .
> (2) The jurisdiction of the tribunal in an assessment dispute shall be invoked by the filing of a written petition by a party in interest, as petitioner, not latter than June 30 of the tax year involved. . . . Service of the petition on the respondent shall be by certified mail. In the case of

an assessment dispute this service shall be mailed to the assessor of that governmental unit if the respondent is the local governmental unit. Except for petitions filed under chapter 6, [Residential Property and Small Claims Division] *a copy of the petitioner shall also be sent to the secretary of the school board in the local school district in which the property is located* and any county which may be affected. [Emphasis supplied.]

Under MCL 211.20; MSA 7.30, "any person *whose property is assessed*" is entitled to file a protest before the board of review regarding the assessment of his or her property. See *Shaughnesy v Tax Tribunal,* 420 Mich 246; 362 NW2d 219 (1984). MCL 211.30; MSA 7.30 makes no provision for protests by persons or entities such as school districts having no ownership interests in the assessed property. Because MCL 205.735(2); MSA 7.650(35)(2) provides that the school district must be given notice of the appeal by the petitioner, we believe the Legislature did not intend to include a school district (not owning the property whose assessment was being contested) as a "party in interest" empowered to file "a written petition" with the Tax Tribunal. It is only reasonable to conclude that, if the Legislature had intended to permit school districts to challenge assessments of other persons' property, it would not, in all cases, have required "a copy of the petition . . . be sent to the secretary of the school board."

Additional support for the position that a school district is without power to invoke the jurisdiction of the Tax Tribunal in disputes over the level of assessment of other persons' property is found in § 44(1) of the statute which reads:

Except for petitions filed under chapter 6, the tax tribunal may permit the intervention of im-

pleading of any governmental unit which receives tax funds from the petitioner who is making the appeal. [MCL 205.744(1); MSA 7.650(44)(1).]

Under this language the proper procedure for Jefferson Schools was to move the Tax Tribunal for leave to intervene in the assessment dispute. This is the procedure followed by this Court in *Consumers Power Co v Big Prairie Twp,* 81 Mich App 120; 265 NW2d 182 (1978). In that case Consumers Power had protested its assessment by the township at the board of review and after being rebuffed had appealed to the Tax Tribunal. At the tribunal level, Newaygo County, for the first time, claimed the assessments were too low and sought intervention under § 44(1). Consumers Power objected to intervention claiming the county had no rights to seek a raising of assessments already made. This Court rejected the claim stating:

> We reject this argument by virtue of § 44, MCL 205.744; MSA 7.650(44), which allows the intervention or impleading by a local governmental unit upon a showing of monetary interest in the proceedings. Obviously, Newaygo County, which levels its county millage on the basis of total county valuation, had a direct monetary interest in the dispute. No time limitations on the date of intervention are set forth in § 44. [81 Mich App 159.]

Obviously, in the instant case, Jefferson Schools, which receives approximately seventy percent of all taxes levied on the Edison property, has a direct monetary interest in the dispute and was entitled to intervene in the Tax Tribunal proceedings. However, there is a material difference between intervening in a dispute brought by the taxpayer or assessing officer and a dispute initiated by a third party having a direct monetary

interest. The fact that the Legislature has specifically approved intervention or impleading by a public body after the property owner or assessing officer has invoked the jurisdiction of the Tax Tribunal pursuant to § 35(2) implicitly shows that the Legislature did not intend to allow a school district or other governmental unit, not owning property the assessment of which is in dispute, to initiate a petition under § 35(2).

Finally, the fact that a school district is given express authority to initiate appeals as to the level of assessments in some cases, but is not given such authority in other instances, reinforces our interpretation of the statute. As noted earlier, there is no provision giving a school district the right to bring an appeal relating to assessment. However, MCL 211.217; MSA 7.77 gives a school district the right to bring an appeal relating to allocation, and MCL 211.34(4); MSA 7.52(4) gives a school district the right to bring an appeal relating to equalization. As noted in *Eyde v Lansing Twp,* 109 Mich App 641, 645; 311 NW2d 438 (1981), aff'd 420 Mich 287 (1984), "[w]hen certain things are specified in the law, the intention to exclude all others from its operation may be inferred." Here, because school districts are specifically allowed to appeal to the Tax Tribunal from allocation and equalization orders, it may be inferred that they may not appeal from orders relating to assessments.

The public importance of the issue before us, and the general excellence of petitioner's brief and argument, motivates us to respond to the principal arguments raised on petitioner's behalf. The main thrust of petitioner's argument is that Jefferson Schools is a "party in interest" as that term is employed in § 35(2) of the statute. Counsel argues that Jefferson Schools is so "directly impacted" by the fact that the property in question constitutes

sixty percent of the school district's tax base, it must be considered a "party in interest." We disagree. Obviously, petitioner is an interested party. But that does not automatically make one a "party in interest." The term "party in interest" is a term of art carefully carved out by the Legislature so as to limit the rights of property tax appeal to persons with an interest in the property being assessed. In the instant case, Jefferson Schools had no interest *in the property* although it certainly had an interest in the level of assessment. That interest is protected by the rights given to intervene or interplead in § 44 of the Tax Tribunal Act.

Petitioner also strongly argues that public policy in the interest of an adequately and fairly assessed school district favors construction of the statute so as to permit an appeal by a third party to the Tax Tribunal. Our response is that there are equal, if not greater, reasons of public policy to the contrary. Opening the doors to appeals to the Tax Tribunal by persons not having *an interest in the property* would invite all kinds of appeals by political activist groups, by numerous tax-levying units of local government, and perhaps by disgruntled neighbors. We do not propose to enlarge the area of litigation in the absence of clear legislative authorization.

Petitioner cites two decisions where appeal to the Tax Tribunal by a unit of local government concerning the level of assessment have been authorized. *City of Troy v Cleveland Pneumatic Tool,* 109 Mich App 361; 311 NW2d 782 (1981); *Flint v George,* Tax Tribunal Docket No. 68329. These cases are distinguishable. There, the owners of the property assessed successfully protested their assessments before the board of review and the governmental units appealed to the Tax Tribunal.

Obviously the Tax Tribunal could acquire jurisdiction under MCL 205.735(1); MSA 7.650(35)(1) because the owners of the property had filed a protest before the board of review. Here, no owner filed a protest regarding his or her assessment before the board of review. Only a governmental agency, Jefferson Schools, filed a protest regarding someone else's (i.e., Detroit Edison's) assessment. Under MCL 211.30; MSA 7.30, Jefferson Schools had no authority to file such a protest.

Jefferson Schools further argues that it was a proper party before the Tax Tribunal pursuant to MCL 205.741; MSA 7.650(41) and MCL 211.150(3); MSA 7.208(3).

MCL 205.741; MSA 7.650(41) provides:

> A person or legal entity which, immediately before the effective date of this act, was entitled to proceed before the state tax commission or circuit court of this state for determination of a matter subject to the tribunal's jurisdiction, as provided in section 31, shall proceed only before the tribunal.

Jefferson Schools argues that, because it could have proceeded before the State Tax Commission under MCL 211.150(3); MSA 7.208(3) prior to the effective date of the Tax Tribunal Act, the Tax Tribunal erred in dismissing its petition.

We note that MCL 205.741; MSA 7.650(41) vests in the Tax Tribunal jurisdiction over matters previously heard by the State Tax Commission *as an appellate body. Emmet County v State Tax Comm,* 397 Mich 550, 555; 244 NW2d 909 (1976). Prior to the effective date of the Tax Tribunal Act, complaints as to property liable to taxation that had not been assessed or had been fraudulently or improperly assessed were initially heard and investigated by the State Tax Commission. No appel-

late jurisdiction was involved. Indeed, even under present law, such complaints are first heard and investigated by the State Tax Commission, and "any person to whom property is assessed" as a result of such investigation may appeal to the Tax Tribunal from the State Tax Commission determination. MCL 211.154; MSA 7.211 and MCL 211.150(3); MSA 7.208(3). Clearly under present law, even if Jefferson Schools motivated or otherwise caused the State Tax Commission to initiate an investigation of an alleged improper assessment, it could not appeal such determination to the Tax Tribunal.

Accordingly, we conclude that the Tax Tribunal did not err in dismissing Jefferson School's petition. Our decision on this issue makes it unnecessary to address the remaining issues raised by petitioner.

Affirmed. No costs, a question of public importance being involved.