PEOPLE v WHITE

Docket No. 95952. Submitted December 15, 1987, at Detroit. Decided January 22, 1988. Leave to appeal denied, 430 Mich 873.

Calvin G. White was arrested for possession with intent to deliver marijuana and, following a preliminary examination, was bound over to Detroit Recorder's Court for trial on that charge. Defendant filed a motion to suppress the evidence. The court, Prentis Edwards, J., granted the motion, finding that the issuance of the search warrant was not supported by probable cause. The people appealed. Defendant cross-appealed challenging the court's rejection of his claim that the magistrate lacked the authority to issue the warrant.

The Court of Appeals *held:*

1. The Recorder's Court erred in holding that the magistrate's decision to issue the search warrant was erroneous. On the basis of the affidavit submitted in this case, a reasonably prudent person could have concluded that evidence of a crime or contraband was present at the stated place and time. The magistrate did not abuse his discretion in issuing the search warrant.

2. Defendant's argument that a magistrate has no authority to issue search warrants without the written authorization of a district court judge, that there was no such authorization in existence at the time the instant search warrant was issued, and that the search warrant was therefore invalid is rejected. There is no requirement of written authorization before a magistrate may issue search warrants.

Affirmed in part and reversed in part.

1. SEARCHES AND SEIZURES — SEARCH WARRANTS — PROBABLE CAUSE.
   Probable cause for issuance of a search warrant exists when the

REFERENCES

Am Jur 2d, Searches and Seizures §§ 61-63, 67-70.

Requirement, under Federal Constitution, that person issuing warrant for arrest or search be neutral and detached magistrate—Supreme Court cases. 32 L Ed 2d 970.

Propriety of considering hearsay or other incompetent evidence in establishing probable cause for issuance of search warrant. 10 ALR3d 359.

facts and circumstances would allow a person of reasonable prudence to believe that the evidence of a crime or contraband sought is in the stated place.

2. SEARCHES AND SEIZURES — SEARCH WARRANTS — PROBABLE CAUSE — APPEAL.

A magistrate's determination of probable cause for the issuance of a search warrant is given great deference and is upheld absent an abuse of discretion.

3. SEARCHES AND SEIZURES — SEARCH WARRANTS — MAGISTRATES — WRITTEN AUTHORIZATION.

There is no requirement that a magistrate must have written authorization before issuing a search warrant.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of the Criminal Division, Research, Training and Appeals, and *Don W. Atkins,* Assistant Prosecuting Attorney, for the people.

*Kenneth M. Mogill,* for defendant.

Before: D. F. WALSH, P.J., and G. R. McDONALD and P. NICOLICH,* JJ.

PER CURIAM. Defendant Calvin George White was charged with possession with intent to deliver marijuana, MCL 333.7401(2)(c); MSA 14.15(7401)(2)(c). Following preliminary examination, he was bound over to Recorder's Court of Detroit for trial on the charged offense. In Recorder's Court defendant filed a motion to suppress the evidence which had been seized pursuant to a search warrant and which was the basis for the marijuana charge. The court granted the motion to suppress and dismissed the case, finding that issuance of the warrant was not supported by probable cause. The prosecutor appeals. Defendant

* Circuit judge, sitting on the Court of Appeals by assignment.

has filed a cross-appeal, challenging the court's rejection of his claim that the magistrate lacked the authority to issue the warrant. We reverse the order of dismissal and the order granting the motion to suppress.

Probable cause for issuance of a search warrant exists when the facts and circumstances would allow a person of reasonable prudence to believe that the evidence of a crime or contraband sought is in the stated place. *People v Sundling,* 153 Mich App 277, 286; 395 NW2d 308 (1986). A magistrate's determination of probable cause is given great deference and is upheld absent an abuse of discretion. *Id.* A magistrate's finding of probable cause is based upon all the facts related within the affidavit presented to the magistrate. MCL 780.653; MSA 28.1259(3).

In this case, we are persuaded of no abuse of the magistrate's discretion. The search warrant was issued on March 27, 1986, and authorized the police to search the premises at 19134 Braile in Detroit. The supporting affidavit of a Detroit police officer assigned to the investigation of controlled substances violations was based in part on the observations of a confidential informant, whose credibility and reliability are not challenged. According to the affidavit, the informant's attempt to make a controlled buy of marijuana from defendant at the Braile address on March 26, 1986, was unsuccessful. But the informant spoke with defendant at that address on that day and saw several plastic baggies of suspected marijuana in defendant's hand. The informant also saw three persons sitting in the living room smoking marijuana. The affiant further stated that during a subsequent thirty-minute police surveillance of the house on March 26, seventeen people arrived. Each of those people, ten of whom arrived by car and seven by

foot, entered the house but stayed for only about thirty seconds. The affiant stated that such activity is common in narcotics trafficking, and that, from April 26, 1985, to March 24, 1986, the narcotics section had received four reports of drugs being sold at 19134 Braile.

We find that, on the basis of the affidavit submitted in this case, a reasonably prudent person could have concluded that evidence of a crime or contraband was present at 19134 Braile on March 27, 1986. While the passage of time is a valid consideration in deciding whether probable cause exists at the time a warrant is issued, the delay in this case was not substantial and, under these facts, did not render the information in the affidavit fatally stale. Cf. *People v David,* 119 Mich App 289; 326 NW2d 485 (1982), lv den 417 Mich 858 (1983), where this Court observed that the credibility of the informant had not been demonstrated and, in addition, concluded that the three-day delay following a controlled buy of marijuana had rendered the affidavit stale. In contrast to the facts in *David,* when the informant left the premises in this case, he saw defendant and others in possession of marijuana. There was also police observation of activity at the house which was common in narcotics trafficking, and the delay in securing the search warrant was significantly shorter than that in *David.* Giving due deference to the magistrate, we find that the Recorder's Court erred in holding that the magistrate's decision to issue the search warrant was erroneous.

On cross-appeal defendant argues that a magistrate has no authority to issue search warrants without the written authorization of a district court judge, that there was no such authorization in existence at the time the instant search war-

rant was issued, and that the search warrant was therefore invalid.[1] We disagree.

A magistrate's power to issue an arrest warrant in a particular case is, with certain exceptions, expressly dependent on the written authorization of the prosecuting attorney or municipal attorney. MCL 600.8511(b); MSA 27A.8511(b). In contrast, magistrates have the general power "to issue search warrants, when authorized to do so by a district court judge." MCL 600.8511(d); MSA 27A.8511(d). By court rule, magistrates may exercise only those duties expressly authorized by the chief judge of the district or division. MCR 4.401(B).

In *People v Brooks,* 75 Mich App 448; 254 NW2d 926 (1977), this Court rejected the defendant's claim that a search warrant issued by a municipal judge (i.e., magistrate) was invalid because it was issued without the filing of an authorization order signed by the prosecutor. Referring to MCL 600.8511(b) and (d); MSA 27A.8511(b) and (d), the Court stated:

> The Legislature obviously varied these neighboring sections intentionally so as to require a written authorization order from the prosecutor only for arrest warrants. There is no authority in the statutes or common law of Michigan for extending this requirement to search warrants. [75 Mich App 450.]

We are persuaded that this reasoning applies also to the claim made by defendant in this case.

---

[1] At the hearing on the motion to suppress, defense counsel stated that he had gone to the office of the administrator of the 36th District Court and had been told that there is nothing in writing which authorizes the court's magistrates to issue search warrants. Counsel also stated that he had spoken with one of the magistrates, who told him "that although they believe they have oral authorization, that there's nothing in writing to that person's knowledge either."

There is no requirement of written authorization in MCL 600.8511(d); MSA 27A.8511(d) or in MCR 4.401(B), and, contrary to defendant's claim on appeal, there is no express requirement that the authorization contemplated by the statute and court rule be granted by administrative order under MCR 8.112. We are persuaded that, had the Legislature or Supreme Court intended to require written authorization, they would have done so.

Affirmed in part and reversed in part.