PEOPLE v PAUL

Docket No. 146986. Submitted January 14, 1993, at Grand Rapids.
    Decided December 20, 1993, at 9:25 A.M. In lieu of granting
    leave to appeal, the judgments of the Court of Appeals and the
    Berrien Circuit Court are reversed for the reasons stated in the
    dissenting opinion in the Court of Appeals, and the case is
    remanded to the Berrien Circuit Court for further proceedings.
    Leave to appeal as amicus curiae is granted, 444 Mich —.

Clyde Paul was bound over to the Berrien Circuit Court on a
    charge of possession with intent to deliver less than 50 grams
    of a mixture containing cocaine. The defendant moved to
    suppress as evidence the cocaine and other items seized by the
    police at the defendant's residence on the bases that the search
    warrant issued by a district court magistrate of the 5th District
    Court was defective because it had not been specifically autho-
    rized by a district court judge and that the police had failed to
    announce themselves before breaking into the residence. The
    court, John T. Hammond, J., determined that the standing
    blanket order of the judges of the 5th District Court authoriz-
    ing the magistrates of that court to issue search warrants was
    insufficient to give those magistrates the authority to issue
    search warrants and that the search warrant issued in this
    case without specific authorization of a district court judge was
    defective. The court granted the motion to suppress on the
    basis of the defective search warrant, denied the motion to
    suppress on the basis of the alleged failure of the police to
    announce themselves before entering the residence, and dis-
    missed the charge when the prosecution conceded that it would
    be impossible to proceed without the suppressed evidence. The
    prosecution appealed, and the defendant cross appealed.

    The Court of Appeals *held:*

    1. Section 8511(d) of the Revised Judicature Act, MCL
    600.8511(d); MSA 27A.8511(d), grants to district court magis-
    trates jurisdiction to issue search warrants when authorized to
    do so by a district court judge. It was the intent of the

REFERENCES

Am Jur 2d, Searches and Seizures § 127.
See ALR Index under Search and Seizure.

Legislature in granting that authority to require that a district court magistrate obtain specific authorization of a district court judge for each search warrant issued. The references to magistrates in the Code of Criminal Procedure do not refer to district court magistrates and neither expand the scope of the authorization of § 8511(d) nor provide an independent basis for district court magistrates to issue search warrants. Because the search warrant in this case was issued by a district court magistrate without having first secured the specific authorization of a district court judge, the warrant was defective, and the circuit court properly granted the motion to suppress on the basis that the contested items were seized without benefit of a proper warrant.

2. Because the circuit court properly granted the motion to suppress on the basis of the absence of a proper warrant, it is unnecessary to address the issues raised in the cross appeal.

Affirmed.

MARILYN KELLY, P.J., dissenting, stated that the order of the circuit court granting the motion to suppress and dismissing the charge should be reversed, because reading § 8511(d) as encompassing the type of blanket authorization granted in this case is consistent with the clear intent of the Legislature to expand the duties of district court magistrates.

SEARCHES AND SEIZURES — SEARCH WARRANTS — DISTRICT COURT MAGISTRATES.

A district court magistrate may issue a search warrant only after receiving from a district court judge specific authorization to issue the warrant in question (MCL 600.8511[d]; MSA 27A.8511[d]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Dennis M. Wiley,* Prosecuting Attorney, and *Elizabeth A. Wild,* Assistant Prosecuting Attorney, for the people.

*Burhans, LaForge & Berger* (by *John T. Burhans*), for the defendant.

Before: MARILYN KELLY, P.J., and MACKENZIE and NEFF, JJ.

NEFF, J. This is a prosecutor's appeal from an order suppressing evidence seized pursuant to a search warrant and dismissing charges against defendant. The cross appeal of defendant chal-

lenges orders denying his motions for discovery
and to suppress evidence on the basis of the failure
of the police to comply with MCL 780.656; MSA
28.1259(6). We affirm.

I

A district court magistrate issued a search war-
rant for defendant's residence. She did not receive
specific authorization from a district court judge
before issuing the warrant. Defendant filed a mo-
tion to suppress as evidence items seized pursuant
to the warrant. At the suppression hearing, the
chief district court judge testified that the policy[1]
in that district court permits district court magis-
trates to issue search warrants without first con-
tacting a district court judge.

A

On appeal, the prosecution argues that the trial
court erred in suppressing the admission of the
seized evidence on the basis of the magistrate's
failure to obtain individual authorization for the
warrant. A district court magistrate has jurisdic-
tion "[t]o issue search warrants, when authorized
to do so by a district court judge." MCL
600.8511(d); MSA 27A.8511(d). Notwithstanding
statutory provisions to the contrary, magistrates
exercise only those duties expressly authorized by
the chief judge of the district or division. MCR
4.401(B).

The prosecution argues that the magistrate was
authorized to issue the search warrant under Ad-
ministrative Order No. 1985-1 of the 5th District

---

[1] According to the judge's testimony, Administrative Order No.
1991-1 of the 5th District Court, signed June 5, 1991, about five
months before the motion to suppress was heard, established the
policy at issue here, permitting named district court magistrates to
issue search warrants on their own authority without first contacting
a district court judge.

Court.[2] The order identified specific district court magistrates and authorized them to "exercise jurisdiction provided in [§ 8511.]"

### B

Judicial construction is warranted if reasonable minds could differ concerning the meaning of a statute. See *Dep't of Social Services v Brewer,* 180 Mich App 82, 84; 446 NW2d 593 (1989). Here, we find the language "when authorized to do so by a district court judge" susceptible of multiple meanings. Therefore, judicial construction is necessary.

In construing a statute, we look at its object and the harm it is designed to remedy, and then apply a reasonable construction that best accomplishes the statute's purpose. *In re Forfeiture of $5,264,* 432 Mich 242, 248; 439 NW2d 246 (1989). Nothing will be read into a statute that is not within the manifest intention of the Legislature as gathered from the act itself. *Jefferson Schools v Detroit Edison Co,* 154 Mich App 390, 393; 397 NW2d 320 (1986). When alternative interpretations are possible, a court must ascribe to the Legislature the most probable and reasonable intention. *People v Schneider,* 119 Mich App 480, 485; 326 NW2d 416 (1982), citing *Oakland Schools Bd of Ed v Superintendent of Public Instruction,* 392 Mich 613, 619; 221 NW2d 345 (1974).

### II

We conclude that the reasonable construction of

---

[2] A copy of this administrative order was attached to defendant's motion to suppress and labeled Exhibit A and was referred to in the transcript as Defense Exhibit 2, but the chief judge of the district court who testified specifically referred to the 1991 administrative order as establishing the policy at issue in this case. The transcript indicates that the 1991 order was marked People's Proposed Exhibit 3, but no copy of the 1991 order was found in the lower court record. The transcript index indicates that "px#3" (plaintiff's exhibit number 3) was identified, but not received into evidence.

§ 8511(d) that best accomplishes its object is to require that a district court magistrate obtain in each case specific authorization of a district court judge to issue a search warrant, rather than permitting search warrants to be issued on the basis of a blanket authorization.

A

The power to authorize search warrants is an awesome responsibility involving issues of significant constitutional implications. The delegation of that authority to nonjudicial officers who often are not lawyers[3] and who may lack legal training altogether strikes us as unwise and not within the intent of the Legislature.

B

The prosecution urges us to read § 8511(d) along with MCL 780.651(1); MSA 28.1259(1)(1) and MCL 780.653; MSA 28.1259(3) and to reach the conclusion that the Legislature did not intend to limit the authorization in § 8511(d) to the issuance only of the search warrant sought. MCL 780.651(1); MSA 28.1259(1)(1), part of the Code of Criminal Procedure, relates to the issuance of search warrants on affidavit. MCL 780.653; MSA 28.1259(3),

[3] The district court magistrate who issued the search warrant in this case had many years of experience in that job, but she is not a lawyer. She testified that she attended seminars regarding the issuance of search warrants, but there is no apparent requirement that any training be completed by district court magistrates in order to be covered by the blanket delegation of authority to issue search warrants. We do not suggest that the district court magistrate in this case was not competent or that she acted in bad faith. However, we do strongly suggest that granting broad discretion to make decisions of constitutional magnitude to persons who may be untrained in the requirements of the law was not intended by the Legislature.

also part of the Code of Criminal Procedure, relates to a magistrate's findings of probable cause being based on the affidavit. The definitions section of the Code of Criminal Procedure defines the term "magistrate" as including district court judges, but not district court magistrates. MCL 761.1(f); MSA 28.843(f). The prosecution, however, would have us conclude that a district court magistrate is included within the term "magistrate" contained in MCL 780.651(1); MSA 28.1259(1)(1) and MCL 780.653; MSA 28.1259(3), because of the language of § 8511(d), part of the Revised Judicature Act, which provides authorization under certain circumstances to issue search warrants.

To hold that a district court magistrate is within the definition of "magistrate" under MCL 761.1(f); MSA 28.843(f), would require us to rewrite the statute. To the contrary, a close reading of the statutes involved leads to the opposite result.

The portion of MCL 780.651; MSA 28.1259(1) that refers to an affidavit made on oath to a magistrate authorized to issue warrants is limited by the definition of the Code of Criminal Procedure that limits the term magistrate to district court judges. MCL 780.651(1); MSA 28.1259(1)(1) is the only portion of that statute that refers to the term "magistrate." The remainder of the statute references either "judge or district court magistrate" or "judge" when dealing with the authority to issue search warrants. The selective use of the term "magistrate" in MCL 780.651(1); MSA 28.1259(1)(1) does not support the conclusion that the authority to issue warrants under § 8511(d) brings district court magistrates within the definition of magistrates under MCL 780.651(1); MSA 28.1259(1)(1).

Further, MCL 780.651; MSA 28.1259(1) gives credence to the conclusion that the intent of the

Legislature is to have district court judges have the last word in deciding whether to issue a search warrant. Under MCL 780.651(2); MSA 28.1259(1) (2), an affidavit may be made to a judge or district court magistrate via electronic or electromagnetic means of communication if the judge or district court magistrate orally administers the oath or affirmation and the affiant signs the affidavit. However, only a "judge" may issue a written search warrant on the basis of an affidavit.[4] MCL 780.351(3); MSA 28.1259(1)(3). Thus there is a very clear distinction drawn in MCL 780.651; MSA 28.1259(1) between the authority of a district court magistrate and a district court judge, not the blurred line of authority for which the prosecution argues.

In addition, the term "magistrate" contained in MCL 780.653; MSA 28.1259(3), refers to a magistrate as defined in the Code of Criminal Procedure, i.e., a district court judge, and does not provide any support for the conclusion that district court judges may provide a blanket authorization to district court magistrates to issue search warrants.

C·

The prosecutor argued in the circuit court that the statutory scheme allowing district court magistrates to authorize search warrants would be meaningless if a district court judge had to specifically authorize each request for a warrant. The circuit judge clearly rejected this line of reasoning, in part because of his own experience as a district court judge for a number of years during which that is precisely how the procedure was carried

---

[4] There is an exception for search warrants required under § 625a of the Vehicle Code, MCL 257.625a; MSA 9.2325(1), which deals with blood alcohol tests. MCL 780.651(3); MSA 28.1259(1)(3).

out. While his comments on the record are largely anecdotal, they provide persuasive reasoning on which to reject the claim that a requirement of authorization case by case is too burdensome to have been intended by the Legislature.

At the time § 8511 was adopted in 1968, the signature of a judge was required for the issuance of a search warrant. This signature requirement created obvious problems for police officers seeking warrants at odd hours of the night under exigent circumstances.[5] The provisions of § 8511(d) permitted a procedure by which police officers could contact a judge by telephone to explain the need for the search warrant and the judge could determine the validity of the request and then by telephone authorize a magistrate, located nearer the police officer, to sign the warrant authorizing the search.

The problem that caused the need for § 8511(d) has been obviated by the widespread use of facsimile equipment in recent years. Under MCL 780.651(2), (3); MSA 28.1259(1)(2), (1)(3), a judge or a district court magistrate can orally administer an oath or affirmation by telephone to an applicant for a search warrant who submits an affidavit and then receive a facsimile of the signed affidavit, at which point the judge either can authorize the magistrate to issue the warrant in person or can issue the warrant via facsimile equipment.

D

We also note that *People v White*, 167 Mich App 461, 465, n 1; 423 NW2d 225 (1988), a case cited by

[5] As pointed out by the circuit judge in ruling on the motion in this case, a police officer in a rural county might often be at great distance from the only district judge in the county and, particularly in winter weather, the time required to reach the judge and obtain a signature would render the search warrant meaningless.

the prosecution for the proposition that this Court
has commented on a blanket authorization and
has held it not violative of § 8511(d), does not
appear to involve a blanket authorization. The
*White* opinion is narrowly confined to the issue
whether written authorization from a judge is
required and never mentions, or even hints at, the
issue of a blanket authorization. Even if that case
did involve a blanket authorization, there was no
challenge to it.

III

We realize that to require a specific authoriza-
tion of each search warrant issued by a district
court magistrate will be, to some extent, burden-
some on district judges, many of whom already
carry very heavy work loads. Requiring additional
nighttime, weekend, and holiday duty will, in
some counties, require considerable additional
time commitments by those judges. However, as
was clear from the ruling of the circuit judge in
this case, in practice § 8511(d) was previously un-
derstood to require specific authorization of each
warrant. We are unwilling to construe the statute
in a way that we believe was never contemplated
or intended by the Legislature. Any such expan-
sion of the duties and responsibilities of district
court magistrates should come in clear and un-
equivocal terms from the Legislature.

We affirm the decision of the circuit judge and
find that the search warrant was issued by the
magistrate without proper authorization of a dis-
trict judge as required by § 8511(d). Our disposition
of this issue makes it unnecessary for us to reach
the issues raised in defendant's cross appeal.

Affirmed.

MacKENZIE, J., concurred.

Marilyn Kelly, P.J. *(dissenting).* I agree fully with the standard of review developed in the majority's opinion and similarly conclude that the law in question is ambiguous and a proper subject of judicial construction. However, I reach the opposite result. The construction of MCL 600.8511(d); MSA 27A.8511(d) which best accomplishes its object permits a district court magistrate to issue search warrants on the basis of a blanket authorization.

MCL 600.8511(d); MSA 27A.8511(d) must be read in pari materia with MCL 780.651(1); MSA 28.1259(1)(1) and MCL 780.653; MSA 28.1259(3). It then becomes clear that the Legislature did not intend to limit the authorization of § 8511(d) solely to the issuance of the search warrant sought.

Language in § 651(1) refers to "[w]hen an affidavit is made on oath to a magistrate authorized to issue warrants." The prosecution argues that this language assumes that the magistrate already has authorization to issue the warrant when the oath is made. Moreover, pursuant to § 653, a magistrate's finding of probable cause must be made based on all facts related in the supporting affidavits. Therefore, the prosecution asserts, a district court magistrate must have the ultimate authority to decide whether to issue the search warrant. No statutory provision indicates a need for the magistrate to obtain authorization from a district court judge to issue a specific warrant either before or after deciding to do so.

It is true that the definition of "magistrate" under the Code of Criminal Procedure specifically excludes a district court magistrate. MCL 761.1(f); MSA 28.843(f). However, the Code also provides that a district court magistrate may exercise the powers, jurisdiction and duties of a "magistrate" where explicitly provided. *Id.* Therefore, district

court magistrates are included within the definition of "magistrate" under MCL 780.651(1); MSA 28.1259(1)(1) and MCL 780.653; MSA 28.1259(3); they have explicit authority to issue search warrants when authorized to do so by a district court judge.

Reading MCL 600.8511(d); MSA 27A.8511(d) to allow a blanket authorization is consistent with both the language and rationale underlying MCL 780.651(1); MSA 28.1259(1)(1) and MCL 780.653; MSA 28.1259(3). A district court magistrate must have authority from a district court judge before undertaking to determine whether probable cause exists to issue a search warrant. Granting a magistrate authority to issue a search warrant is not the equivalent of determining whether sufficient evidence exists to establish probable cause for the search. Since authorization must be given before the district court magistrate makes a probable cause determination, a case-by-case authorization does not necessarily better ensure that the warrant is properly issued. Therefore, a blanket authorization has the same result and also saves judicial time and energy.

Defendant argues that to allow a blanket authorization is to eliminate any discretion on the part of district court judges. He asserts that, if the Legislature intended blanket authorizations, it would have given district court magistrates the power to issue search warrants without limitation. He points out that, in fact, the Legislature did grant district court magistrates unlimited power to fix bail and accept bond. See MCL 600.8511(c); MSA 27A.8511(c).

Allowing a blanket authorization for the issuance of search warrants does not eliminate any exercise of discretion by district court judges. In this case, the judges made the initial decision

whether any one or more of their magistrates would be authorized to issue search warrants. The magistrates selected were not given the unlimited discretion to issue search warrants that they had in fixing bail and bonds under MCL 600.8511(c); MSA 27A.8511(c); they could issue search warrants only if the judges of the district court had exercised their discretion giving them the authority.

MCL 600.8511; MSA 27A.8511 was added to the Revised Judicature Act (RJA) in 1968. 1968 PA 154. The purpose of 1968 PA 154 was "to develop a lower court structure better adapted to the needs of the people and the ends of justice." Convention Comment, Const 1963, art 6, § 26. The Legislature accomplished this objective in part by giving district court judges the discretion to lessen their work loads by transferring statutorily specified duties to their magistrates. Now to read MCL 600.8511; MSA 27A.8511 to require case-by-case authorization for search warrants reburdens the judges through the very acts by which the Legislature sought to relieve them. I am at a loss to see how the court structure is in any way improved or the judges assisted from how they functioned before the legislation, given the majority's construction of it.

The most probable and reasonable intent of the Legislature was to allow district court magistrates to issue search warrants based on a blanket authorization. Otherwise, one would expect that the Legislature would have stated specifically that a case-by-case authorization is necessary. It would then have provided a procedure for district court judges to follow when issuing case-by-case authorizations. It did not do so. I decline to read into the statute that which was not manifestly within the intention of the Legislature. *Jefferson Schools v*

*Detroit Edison Co,* 154 Mich App 390, 393; 397 NW2d 320 (1986).

Furthermore, I reject the implication in the majority opinion that constitutional rights are endangered by the practice. No evidence has been presented that abuse is rampant in those areas where district court magistrates currently issue warrants under blanket authorizations. Also, it is not apparent from the record that the warrant in this case was faulty in structure or content. Finally, significant safeguards to protect the implicated constitutional rights are firmly established in our criminal legal system.

The circuit court judge involved in this case testified that, during the eighteen years he served as a district court judge, magistrates sought authorization on a case-by-case basis. The comments were largely anecdotal. They reflect on a period of tremendous change in our judicial history. The population and incidents of crime along with the resultant burdens on the courts all increased at a staggering rate. Consequently, I do not find the judge's comments as persuasive or convincing as does the majority.

Nor am I persuaded that the advent of modern technology alleviates difficulties law enforcement personnel experience communicating with district court judges concerning the issuance of warrants. Technology alone cannot solve the problems inherent in requiring a case-by-case authorization in remote areas of the state or in districts besieged by heavy dockets.

In summary, the majority acknowledges that this decision places additional burdens on district court judges. With that, I agree. It observes that it is the Legislature that is responsible for authorizing expansions in the duties of district court magistrates. I agree again but conclude that the Legis-

lature has already done so. When the statutes under consideration here are construed together, it becomes manifest that the Legislature has given the district courts the power to preauthorize their magistrates to issue search warrants. It has taken that step without endangering constitutional rights. In so doing, it has made the judicial system more responsive to the needs of the citizens and ultimately better able to sustain its workload. The majority now undoes that accomplishment. I would reverse.