PEOPLE v SLOAN

Docket No. 168967. Submitted July 7, 1994, at Detroit. Decided August 16, 1994, at 9:05 A.M. Leave to appeal sought.

Robert L. Sloan was charged in the Recorder's Court for the City of Detroit with manslaughter, operating a motor vehicle while under the influence of intoxicating liquor causing a death, and felonious driving, after he was involved in an automobile accident that resulted in a fatality. The court, Bruce U. Morrow, J., denied the defendant's motion to suppress blood test results obtained from a blood sample drawn pursuant to a search warrant issued by a magistrate. The defendant appealed by leave granted from that order.

The Court of Appeals *held:*

The affidavit for the search warrant was insufficient because it contained no facts on which the conclusion that the defendant was under the influence of intoxicating liquor was based. The affidavit does not support the trial court's conclusion that there was a substantial basis for the determination that probable cause existed. The trial court erred in relying on the magistrate's after-the-fact testimony regarding off-the-record statements the magistrate relied on in issuing the warrant.

Reversed.

SEARCHES AND SEIZURES — SEARCH WARRANTS — PROBABLE CAUSE.

Probable cause for the issuance of a search warrant must be based on facts presented to the magistrate by oath or affirmation; the affidavit must contain facts within the knowledge of the affiant, rather than conclusions or beliefs, and must state facts that justify inferences; the affiant is not free to draw inferences, but must state matters that justify the drawing of them.

*Frank J. Kelley,* Attorney General, *Thomas L.*

REFERENCES

Am Jur 2d, Searches and Seizures §§ 117, 123.

Propriety of considering hearsay or other incompetent evidence in establishing probable cause for issuance of search warrant. 10 ALR3d 359.

*Casey,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, and *Timothy A. Baughman,* Chief of Research, Training, and Appeals, for the people.

*Thomas V. Wilhelm,* for the defendant.

Before: GRIBBS, P.J., and REILLY and T. L. BROWN,* JJ.

PER CURIAM. This is an interlocutory appeal. Defendant appeals by leave granted a Recorder's Court order denying his motion to suppress blood test results. We reverse.

On March 13, 1993, defendant was involved in an automobile accident that resulted in a fatality. Defendant and his passenger were injured and taken to the hospital. While at the hospital, a blood sample was drawn from defendant pursuant to a search warrant. The affidavit on which the warrant was based stated in pertinent part:

> On 3-13-93 on or about 11:40 P.M. (2340 hrs) Robert Leonard Sloan operating a vehicle in the City of Southgate in area of Pennsylvania & Walter. Collision occurred & appears Robert Leonard Sloan under influence of intoxicating liquor, transported to Wyandotte Hospital & Medical Center. Request blood sample be taken. Robert Leonard Sloan involved in accident causing death.

Defendant was subsequently arrested and bound over on charges of manslaughter with a motor vehicle, MCL 750.321; MSA 28.553, operating a motor vehicle while under the influence of intoxicating liquor causing a death, MCL 257.625(4); MSA 9.2325(4), and felonious driving, MCL 752.191; MSA 28.661. In the trial court, defendant moved to suppress the results of the blood test,

* Circuit judge, sitting on the Court of Appeals by assignment.

arguing that the affidavit was insufficient because it did not allege facts on which probable cause could be based. The trial court allowed the parties to take the testimony of the magistrate who issued the warrant to determine what facts the magistrate had relied upon in issuing the warrant. The magistrate testified that he had questioned the officer about defendant's condition. The trial court noted that the procedure used in this case, where the warrant was issued after the magistrate read the affidavit and questioned the officer, under oath, followed by the trial court's taking testimony of the magistrate, was not ideal. However, the trial court denied defendant's motion to suppress the blood test results.

A search warrant may not be issued unless justified by probable cause. *People v Cooper,* 166 Mich App 638, 652; 421 NW2d 177 (1987). Probable cause must be based on facts presented to the magistrate by oath or affirmation. *People v Mitchell,* 428 Mich 364, 367; 408 NW2d 798 (1987). The affidavit must contain facts within the knowledge of the affiant rather than mere conclusions or beliefs, and must state facts that justify inferences. *People v Rosborough,* 387 Mich 183, 199; 195 NW2d 255 (1972); *Cooper, supra* at 652. On appeal from a finding of probable cause, the reviewing court must look at the affidavit and determine whether the information contained in the documents could have caused a reasonably cautious person to conclude that there was a substantial basis for the determination that probable cause existed to conclude that the evidence sought might be found in a specific location. *People v Russo,* 439 Mich 584, 603-604; 487 NW2d 698 (1992). The search warrant and the underlying affidavit are to be read in a common-sense and realistic manner,

and the reviewing court should give deference to the magistrate's decision. *Id.*

In this case, the affidavit contained no facts on which the conclusion, that defendant was under the influence of intoxicating liquor, was based. The affiant is not free to "draw his own inferences. He must state matters which justify the drawing of them." *Rosborough, supra* at 199. The affidavit itself would not allow a reviewing court to conclude that there was a substantial basis for the determination that probable cause existed. While the trial court was required to give deference to the magistrate's decision, it was not justified in relying on the magistrate's after-the-fact testimony regarding off-the-record statements in reaching the conclusion that the factual basis for the warrant was sufficient.[1] *People v White,* 167 Mich App 461, 463; 423 NW2d 225 (1988); MCL 780.653; MSA 28.1259(3). Because the affidavit here was insufficient, the warrant was invalid and the blood test results should have been suppressed.

Reversed.

---

[1] We need not decide here whether a reviewing court may consider information given under oath to the issuing magistrate if a verbatim record of the proceeding is made.