# STATE OF MICHIGAN

# COURT OF APPEALS

IGIT INDUSTRIES, INC.,

Petitioner-Appellee,

UNPUBLISHED
February 25, 2016

v

CITY OF WARREN,

Respondent-Appellant.

No. 324752
Tax Tribunal
LC No. 14-001550-TT

Before: BOONSTRA, P.J., and K. F. KELLY and MURRAY, JJ.

PER CURIAM.

Petitioner, IGIT Industries, Inc., filed a petition with the State Tax Commission (STC) alleging that respondent, the city of Warren, erroneously failed to provide notice of personal property tax assessments for 2011 and 2012. In a letter dated April 10, 2014, the STC dismissed the petition for lack of jurisdiction. Petitioner appealed that decision to the Michigan Tax Tribunal, Small Claims Division. In a final opinion and judgment dated October 30, 2014, the Tribunal concluded that the STC erred in dismissing the petition for lack of jurisdiction, and then proceeded to determine which personal property was taxable and the true cash, state equalized, and taxable values of that personal property for tax years 2011 and 2012. Respondent appeals as of right. We vacate the Tribunal's judgment and remand to the State Tax Commission for further proceedings.

In September 2013 petitioner, and on December 20, 2013 respondent's assessor, completed an STC form entitled "Notice by Owner of Property Incorrectly Reported or Omitted From Assessment Roll," which is used in the STC for taxpayers seeking to correct personal property statements under MCL 211.154. Petitioner gave notice in the form that the assessed and taxable values on the assessment roll were $100,000 for tax year 2011, $100,000 for tax year 2012, and $120,000 for year 2013. Petitioner requested that these amounts be reduced to $9,049 for tax year 2011, $11,307 for tax year 2012, and $11,307 for tax year 2013 for the reason that

> TAXPAYER IS RENTING SPACE IN AN INDUSTRIAL FACILITY. NOTICE OF THE PROPERTY TAX BILLS AND PROPERTY TAX FORMS WERE NOT RECEIVED. LANDLORD HAD ONLY FORWARDED THE DELINQUENT TAX NOTICE ATTACHED.

Respondent's assessor signed the form to express disagreement with petitioner's request. In a memorandum dated December 26, 2013, the assessor explained the basis for his disagreement,

-1-

including the use of an estimate for the tax years in question which was based upon an assumption as to the personal property owned by petitioner.[1]

In a letter dated April 10, 2014, the STC's executive director informed petitioner that the STC had approved the dismissal of petitioner's requested change in the assessment at a meeting on April 8, 2014, for lack of jurisdiction. Petitioner then filed a petition in the Tribunal, Small Claims Division, to appeal personal property tax valuations for tax years 2011, 2012, and 2013. In the "jurisdictional issues" section of the petition, petitioner indicated that the appeal was filed within 35 days of issuance of an STC order. Petitioner explained that the basis for the appeal was that respondent had attributed personal property assessments of unrelated entities to it by incorrectly alleging that it was the successor to those entities. Both parties filed proposed statements of facts and evidentiary materials for the Tribunal to consider in resolving the petition. In addition, respondent moved for summary disposition under MCR 2.116(C)(4).

The Tribunal determined that it had jurisdiction over petitioner's challenge to the STC decision. After also making a sua sponte determination that the STC should have exercised jurisdiction to determine whether personal property was erroneously attributed to petitioner, the Tribunal made a de novo determination of the items of property taxable to petitioner and the true cash, state equalized, and taxable values of the property for tax years 2011 and 2012.[2]

## I. SUBJECT-MATTER JURISDICTION

We first address respondent's argument that the Tribunal erred in finding that it had jurisdiction to hear the petitioner's appeal from the STC. Preliminarily, we note that respondent does not address the Tribunal's predicate determination that it had jurisdiction to review the STC's jurisdictional decision. However, petitioner has addressed this issue and an issue of subject-matter jurisdiction may be raised at any time. *Hillsdale Co Senior Servs, Inc v Hillsdale Co*, 494 Mich 46, 51 n 3; 832 NW2d 728 (2013). Therefore, we first consider whether the Tribunal had jurisdiction to review the STC's determination that it lacked jurisdiction.

## A. STANDARD OF REVIEW

We review an issue of subject-matter jurisdiction de novo. *Id.* at 51. To the extent that this issue was raised by respondent in its motion for summary disposition under MCR 2.116(C)(4), our review is also de novo. *Sietsema Farms Feeds, LLC v Dep't of Treasury*, 296 Mich App 232, 235; 818 NW2d 489 (2012). When deciding a motion under MCR 2.116(C)(4),

---

[1] The form signed by respondent's assessor was dated December 20, and indicates "see attached" in a comment section. It is unclear from the record and questioning of counsel at oral argument before this Court whether the December 26 statement was an attachment to respondent's submission, or whether there was in fact no attachment.

[2] Tax year 2013 was severed from the appeal and transferred to the Entire Tribunal Division of the Tax Tribunal because the amount in dispute exceeded the jurisdictional limit of the Small Claims Division. Accordingly, this appeal is limited to tax years 2011 and 2012.

all pleadings, affidavits, depositions, admissions, and documentary evidence then filed in the action or submitted by the parties shall be considered. MCR 2.116(G)(5); *Henry v Laborers' Local 1191*, 495 Mich 260, 273; 848 NW2d 130 (2014). Issues of constitutional and statutory interpretation are also reviewed de novo. *Midland Cogeneration Venture Ltd Partnership v Naftaly*, 489 Mich 83, 89; 803 NW2d 674 (2011).

## 1. MICHIGAN TAX TRIBUNAL JURISDICTION

The Michigan Tax Tribunal "has exclusive and original jurisdiction" over proceedings involving "direct review of a final decision, finding, ruling, determination, or order of an agency relating to assessment, valuation, rates, special assessments, allocation, or equalization, under the property tax laws of this state." MCL 205.731(a). This Court has interpreted MCL 205.731 to vest the Tribunal with "jurisdiction over matters previously heard by the State Tax Commission *as an appellate body*." *Autodie, LLC v City of Grand Rapids*, 305 Mich App 423, 428; 852 NW2d 650 (2014), quoting *Superior Hotels, LLC v Mackinaw Twp*, 282 Mich App 621, 632; 765 NW2d 31 (2009). "[T]he Tribunal has jurisdiction to hear appeals from the decisions of the [State Tax] Commission." *Autodie, LLC*, 305 Mich App at 428.

In this case, the STC made a "determination" subject to direct review by the Tribunal when it issued its April 10, 2014 letter, informing petitioner of the dismissal for lack of jurisdiction of its request for a change in the assessment. This jurisdictional decision by the STC was related to petitioner's challenge to its assessment roll and was "previously heard" by the STC. Thus, the Tribunal had exclusive jurisdiction over the direct review of the STC's determination that it lacked jurisdiction. *Id*.

## 2. STC JURISDICTION

Having decided that the Tribunal had jurisdiction to hear the appeal from the STC, we must next determine if the Tribunal erred in finding that the STC had jurisdiction over the petition filed by petitioner.

Subject-matter jurisdiction does not depend on the truth or falsity of the charge, but upon the nature of the charge and its allegation. *Workers' Compensation Agency Dir v MacDonald's Indus Products, Inc (On Reconsideration)*, 305 Mich App 460, 478; 853 NW2d 467 (2014). The gravamen of a claim is determined by considering the claim in its entirety. *Attorney General v Merck Sharp & Dohme Corp*, 292 Mich App 1, 9-10; 807 NW2d 343 (2011).

Two statutes confer authority on the STC to hear and decide claims as an agency: MCL 211.150(3) and MCL 211.154. See *Autodie, LLC*, 305 Mich App at 429. MCL 211.150(3) provides that the STC has a duty to

> receive all complaints as to property liable to taxation that has not been assessed or that has been fraudulently or improperly assessed, and to investigate the same, and to take such proceedings as will correct the irregularity complained of, if any is found to exist.

MCL 211.154 provides that the STC has jurisdiction to correct assessment values if it determines that "property subject to taxation . . . has been incorrectly reported or omitted."

"Thus, there are four areas in which the [STC] has original subject-matter jurisdiction to initially hear and investigate petitions: [(1)] property fraudulently assessed under MCL 211.150(3), [(2)] property improperly assessed under MCL 211.150(3), [(3)] property omitted under MCL 211.154, and [(4)] property incorrectly reported [by the taxpayer on a personal property statement] under MCL 211.154." *Autodie, LLC*, 305 Mich App at 429, 435.

Subject matter jurisdiction is typically determined based on the initial pleadings. *Clohset v No Name Corp (On Remand)*, 302 Mich App 550, 561; 840 NW2d 375 (2013). For the reasons expressed below, although the Tribunal correctly resolved the jurisdictional provisions that it addressed, we conclude that we must vacate the Tribunal's judgment and remand to the STC for it to resolve whether it had jurisdiction in this matter on the basis that the allegations and evidence submitted established that petitioner was improperly assessed on property it did not own. MCL 211.150(3).

First, as to the issues addressed by the STC, in its filing with the STC petitioner did not assert that the assessor fraudulently assessed property, omitted property, or that petitioner itself incorrectly reported property under MCL 211.154. Instead, the only basis for a challenge to the tax years 2011 and 2012 was a challenge to the lack of notice of the assessments. Specifically, petitioner alleged to the STC:

> TAXPAYER IS RENTING SPACE IN AN INDUSTRIAL FACILITY. NOTICE OF THE PROPERTY TAX BILLS AND PROPERTY TAX FORMS WERE NOT RECEIVED. LANDLORD HAD ONLY FORWARDED THE DELINQUENT TAX NOTICE ATTACHED.

Thus, in its notice petitioner did not ask the STC to investigate whether respondent had improperly assessed to petitioner personal property owned by an unrelated entity.[3] Rather, the gravamen of the charge was that petitioner did not receive property tax bills or forms from respondent. Hence, the notice *on its face* did not raise proper subject matter jurisdiction. But as we mentioned earlier, it is not clear whether there was an attachment to respondent's portion of the form submitted, or whether the December 26 document was intended to be the attachment.

Second, the STC properly determined that it did not have jurisdiction because there was no allegation that any "part of the personal property in question has been omitted from assessment" and because "the assessor did not base his or her assessment on an incorrect taxpayer report." There was nothing before the Tribunal to suggest that any personal property of petitioner was *omitted* from the assessment, as in fact the unarticulated concern was that personal property that did not belong to petitioner was *included* in the assessment. Nor was there any evidence or allegation that petitioner had submitted an incorrect report.[4]

---

[3] It is undisputed that respondent did assess property not owned by petitioner.

[4] The Tribunal erred in holding that nowhere "in any section of § 150 or § 154 is there a requirement that the property be improperly reported *by the taxpayer*. Rather, this provision is available to both taxing units and Petitioners." Five months earlier we had held just the opposite.

Petitioner's final line of defense to the Tribunal's reversal of the STC jurisdictional decision is that under MCL 211.150(3) the property that it did not own was improperly assessed. The STC did not mention this provision in its decision, *perhaps* because the notice did not contain an allegation or any facts to suggest that it might be applicable. But as we mentioned, the record is unclear as to what, if anything, was attached to the notice by respondent. And, there is no dispute that the December 26 document was submitted to the STC, and although the STC will have to in the first instance determine the meaning of that document, it could be read as raising this factual allegation.

Consequently, in light of this unclear record, and in light of respondent's (1) admission that if such an allegation was made it would fall within the STC's jurisdiction, and (2) its request that we remand to the STC for it to determine the correct property to assess to petitioner, we vacate the Tribunal's judgment and remand to the STC for it to determine whether it has jurisdiction under the "improperly assessed" provision of MCL 211.150(3).[5]

The Tribunal's October 30, 2014 Judgment is vacated, and this matter is remanded to the State Tax Commission for further proceedings. We do not retain jurisdiction. The parties are responsible for their own costs.

/s/ Mark T. Boonstra
/s/ Kirsten Frank Kelly
/s/ Christopher M. Murray

---

See *Autodie, LLC*, 305 Mich App at 434-435 ("We have also considered whether *both* the taxpayer *and* the assessor may incorrectly report under MCL 211.154, and we conclude that this interpretation would not be consistent with the statute as a whole."). Accordingly, because petitioner did not improperly report, the STC did not have jurisdiction under that portion at MCL 211.154. *Id*.

[5] We cannot accept petitioner's argument that, as a matter of fairness and efficiency, we should uphold the conclusions of the Tribunal on the merits. See *Electronic Data Systems Corp v Twp of Flint*, 253 Mich App 538, 547-548; 656 NW2d 215 (2002) (Tribunal has no equitable powers).