AUTODIE LLC v CITY OF GRAND RAPIDS

Docket No. 314553. Submitted May 6, 2014, at Lansing. Decided May 27, 2014, at 9:15 a.m. Leave to appeal denied, 497 Mich ___.

Autodie LLC, a wholly owned subsidiary of Chrysler Group, LLC, filed a petition in the State Tax Commission after the Grand Rapids tax assessor concluded that Autodie had improperly used Form 4798, which automobile manufacturers may use to report their personal property, in calculating its 2011 taxes. Autodie asked the Commission to require Grand Rapids to correct its assessment roll, refund its excess tax payments, and declare that Autodie was entitled to use Form 4798. The Commission dismissed Autodie's petition after concluding that it did not have subject-matter jurisdiction. Autodie petitioned the Tax Tribunal for review, contending that its use of Form 4798 was an issue of incorrectly reported or omitted property over which the Commission had subject-matter jurisdiction under MCL 211.154. Additionally, Autodie asserted that the Commission had jurisdiction to review the assessor's decision as an improper assessment under MCL 211.150(3). The Tax Tribunal, Kimbal R. Smith III, granted the Department and Commission's motion to be dismissed as parties, affirmed the Commission's decision, and granted summary disposition to Grand Rapids. Autodie appealed.

The Court of Appeals *held*:

1. Whether the assessor's failure to use Form 4798 constituted an improper assessment under MCL 211.150(3) was not decided because Autodie did not preserve the issue for review.

2. The Tax Tribunal correctly determined that the case did not concern omitted property under MCL 211.154 because the assessor determined the value of Autodie's personal property, even though it rejected Autodie's use of Form 4798.

3. The Tax Tribunal properly concluded that the State Tax Commission lacked subject-matter jurisdiction under MCL 211.154 to review the assessor's determination that Autodie was not qualified to report its property as automotive manufacturing equipment using Form 4798. This determination did not constitute an incorrect report under MCL 211.154 because taxpayers, not assessors, report property under that provision. An interpretation of MCL 211.154 that would allow both the taxpayer and the assessor to incorrectly report would

not be consistent with the statute as a whole given that the Legislature used the phrase "incorrectly reported" in MCL 211.154 while using "improperly assessed" in MCL 211.150(3), which indicated that these terms had different meanings.

Affirmed.

TAXATION — PERSONAL PROPERTY — REPORTING — ASSESSING — AUTOMOTIVE MANUFACTURING EQUIPMENT — STATE TAX COMMISSION — JURISDICTION.

The State Tax Commission lacks subject-matter jurisdiction under MCL 211.154 to review an assessor's determination regarding whether a taxpayer's property qualifies as automotive manufacturing equipment; the assessor's determination does not constitute a report under MCL 211.154.

*Dykema Gossett PLLC* (by *Carl Rashid, Jr., Douglas J. Fryer*, and *Shaun M. Johnson*) for Autodie LLC.

*Kristen Rewa*, Assistant City Attorney, for the city of Grand Rapids.

*Bill Schuette*, Attorney General, *Aaron D. Lindstrom*, Solicitor General, *Matthew Schneider*, Chief Legal Counsel, and Matthew B. Hodges, Assistant Attorney General, for the Department of Treasury.

Before: FITZGERALD, P.J., and SAAD and WHITBECK, JJ.

PER CURIAM. Petitioner, Autodie LLC, appeals as of right the Tax Tribunal's order granting summary disposition in favor of respondent, the city of Grand Rapids, under MCR 2.116(I)(1), and dismissing respondents Department of Treasury (the Department) and State Tax Commission (the Commission) from the case. We affirm.

## I. FACTS

### A. BACKGROUND FACTS

The parties do not dispute the facts of this case. Automobile manufacturers may use Form 4798, which

the Department issues, to report their personal property. Form 4798 uses lower valuation multipliers than assessors use for other types of personal property, and its use results in a lower true cash value for the personal property.

Autodie is a wholly owned subsidiary of Chrysler Group, LLC, that manufactures dies for use by Chrysler. In 2011, Autodie used Form 4798 to submit its personal property statement to the Grand Rapids assessor. The assessor concluded that Autodie was not entitled to use Form 4798, rejected the form, and independently calculated the value of Autodie's personal property.

B. PROCEDURAL HISTORY

1. AUTODIE'S PETITION TO THE STATE TAX COMMISSION

In October 2011, Autodie filed a petition with the Commission, asserting that the Commission had subject-matter jurisdiction under MCL 211.154 because its personal property was "incorrectly reported or omitted[.]" Autodie asserted that the Grand Rapids assessor had "incorrectly reported and/or omitted from the 2011 Grand Rapids Assessment rolls, the personal property belonging to Autodie LLC, as not being eligible for Form 4798 . . . ." Autodie asked the Commission to require Grand Rapids to correct its assessment roll regarding Autodie's personal property, to refund its excess tax payments, and to declare that Autodie was entitled to use Form 4798.

On October 2, 2012, the Commission dismissed Autodie's petition. The Commission concluded that it did not have subject-matter jurisdiction over Autodie's petition. Reasoning that "it is clear that no part of the real property in question has been omitted from assessment

and it is also clear that the assessor did not base his or her assessment on an incorrect taxpayer report," the Commission determined that Autodie was actually challenging the assessor's determination of the personal property's value. Because the Tax Tribunal has exclusive jurisdiction to review final determinations of value, the Commission concluded that it lacked subject-matter jurisdiction to hear Autodie's petition.

### 2. AUTODIE'S PETITION TO THE MICHIGAN TAX TRIBUNAL

On November 5, 2012, Autodie filed a petition in the Tax Tribunal. Autodie asked the Tax Tribunal to review the Commission's decision, contending that the Commission erred by dismissing its petition. Autodie contended that the assessor's "complete disregard or misinterpretation" of its status as a qualified automobile manufacturer, and subsequent rejection of Form 4798, was "an incorrectly reported or omitted property issue" over which the Commission had subject-matter jurisdiction. Additionally, Autodie asserted for the first time that the Commission had jurisdiction to review the assessor's decision as an improper assessment under MCL 211.150(3).

On December 4, 2012, the Department and the Commission moved to be dismissed from the petition, asserting that they were not necessary parties to the action. Autodie responded that the Commission was a necessary party because the Grand Rapids assessor acted on its advice and because it sought to bind the Commission to the Tax Tribunal's decision.

### 3. THE TAX TRIBUNAL'S DECISION

On January 15, 2013, the Tax Tribunal granted the Department and Commission's motion to be dismissed as parties. The Tax Tribunal reviewed and affirmed the

Commission's decision that it lacked subject-matter jurisdiction over Autodie's petition:

> If the State Tax Commission determines that property subject to the collection of taxes under the General Property Tax Act has been incorrectly reported or omitted[,] the state tax commission shall place the corrected assessment value for the appropriate years on the appropriate assessment roll. Here, the State Tax Commission properly determined that the issue did not relate to whether the property was omitted or incorrectly reported; rather, the State Tax Commission determined "the assessment was based on the independent determination of value made by the assessor that was not affected by the omission of property components from the valuation process." As such, the Michigan Tax Tribunal, and not the State Tax Commission, was the proper venue to raise its claim because the issue was a disagreement relating to the true cash value of assessable property.

The Tax Tribunal then sua sponte granted Grand Rapids summary disposition after determining that it did not have original jurisdiction to resolve Autodie's valuation dispute because Autodie had not timely filed its petition. Autodie did not appeal this determination.

## II. SUBJECT-MATTER JURISDICTION

### A. STANDARD OF REVIEW

This Court's review of a decision by the Tax Tribunal is limited.[1] When a party does not dispute the facts or allege fraud, we review whether the Tribunal "made an error of law or adopted a wrong principle."[2] This Court reviews de novo the interpretation and application of tax statutes.[3]

---

[1] *Mich Props, LLC v Meridian Twp*, 491 Mich 518, 527; 817 NW2d 548 (2012).

[2] *Id.* at 527-528.

[3] *Id.* at 528; *Ford Motor Co v Woodhaven*, 475 Mich 425, 438; 716 NW2d 247 (2006).

B. STATUTORY INTERPRETATION

When interpreting a statute, our goal is to give effect to the intent of the Legislature.[4] The language of the statute itself is the primary indication of the Legislature's intent.[5] If the language of the statute is unambiguous, we must enforce the statute as written.[6] This Court reads the provisions of statutes "reasonably and in context," and reads subsections of cohesive statutory provisions together.[7]

1. THE TAX TRIBUNAL'S JURISDICTION

This case concerns the interplay between statutes that grant subject-matter jurisdiction over property tax disputes to two distinct bodies: the Commission and the Tax Tribunal. The Tax Tribunal "has *exclusive* and original jurisdiction" over proceedings involving "direct review of a final decision, finding, ruling, determination, or order of an agency relating to assessment, valuation, rates, special assessments, allocation, or equalization, under the property tax laws of this state."[8] The Legislature has vested the Tax Tribunal with "jurisdiction over matters previously heard by the State Tax Commission *as an appellate body*."[9] Thus, the Tribunal has jurisdiction to hear appeals from the decisions of the Commission.[10]

---

[4] *US Fidelity & Guaranty Co v Mich Catastrophic Claims Ass'n (On Rehearing)*, 484 Mich 1, 13; 795 NW2d 101 (2009).

[5] *Id.* at 13.

[6] *Id.*

[7] *McCahan v Brennan*, 492 Mich 730, 739; 822 NW2d 747 (2012).

[8] MCL 205.731(a) (emphasis added).

[9] *Superior Hotels, LLC v Mackinaw Twp*, 282 Mich App 621, 632; 765 NW2d 31 (2009), quoting *Jefferson Sch v Detroit Edison Co*, 154 Mich App 390, 398; 397 NW2d 320 (1986) (quotation marks omitted). See also *Emmet Co v State Tax Comm*, 397 Mich 550, 553-555; 244 NW2d 909 (1976).

[10] *Superior Hotels*, 282 Mich App at 632.

## 2. THE COMMISSION'S JURISDICTION

Because the Legislature has granted the Tax Tribunal exclusive appellate jurisdiction over decisions related to assessment, the Commission no longer has power to hear such cases an as appellate body.[11] However, the Commission retains jurisdiction to hear and decide claims as an administrative agency that it had initially heard and investigated before the Tax Tribunal was created.[12] Two statutes confer authority on the Commission to hear and decide claims as an agency: MCL 211.150(3) and MCL 211.154.[13] MCL 211.150(3) provides that the Commission has a duty to

> receive all complaints as to property liable to taxation that has not been assessed or that has been fraudulently or improperly assessed, and to investigate the same, and to take such proceedings as will correct the irregularity complained of, if any is found to exist.

MCL 211.154 provides that the Commission may correct assessment values if it determines that "property subject to taxation ... has been incorrectly reported or omitted . . . ."

Thus, there are four areas in which the Commission has original subject-matter jurisdiction to initially hear and investigate petitions: property fraudulently assessed under MCL 211.150(3), property improperly assessed under MCL 211.150(3), property omitted under MCL 211.154, and property incorrectly reported under MCL 211.154.

### C. APPLYING THE STATUTES

#### 1. PROPERTY FRAUDENTLY ASSESSED UNDER MCL 211.150(3)

Autodie did not assert that the assessor in this case

---

[11] See *Jefferson Sch*, 154 Mich App at 398.

[12] *Id.*

[13] *Superior Hotels*, 282 Mich App at 632-633.

fraudulently assessed the property. Therefore, this ground for jurisdiction does not apply.

### 2. PROPERTY IMPROPERLY ASSESSED UNDER MCL 211.150(3)

On appeal, Autodie asserts that the assessor's failure to use Form 4798 was an improper assessment under MCL 211.150(3). We decline to review this unpreserved issue.

One of the administrative functions that the Commission retains is "exercising general supervision over the assessing officers of this state . . . ."[14] A party may petition the Commission to initiate an investigation of alleged improper assessment.[15] The Commission has original jurisdiction over claims of improper assessment, and *initially* hears and investigates these claims.[16] But "[g]enerally, an issue is not properly preserved if it is not raised before, addressed, or decided by the circuit court or administrative tribunal."[17]

In this case, Autodie did not raise MCL 211.150(3) before the Commission. Autodie instead asserted only that the assessor omitted or incorrectly reported its property under MCL 211.154. Autodie did not ask the Commission to investigate whether an assessor's decision to reject Form 4798 when the taxpayer submitting the form is a wholly owned subsidiary of an automobile manufacturer is improper. And the Commission did not investigate that issue or render a decision on it.

Autodie raised this issue for the first time before the Tax Tribunal. However, the Tax Tribunal was acting as

---

[14] *Richland Twp v State Tax Comm*, 210 Mich App 328, 335; 533 NW2d 369 (1995) (quotation marks and citation omitted).

[15] *Jefferson Sch*, 154 Mich App at 399.

[16] *Id.* at 398-399.

[17] *Polkton Charter Twp v Pellegrom*, 265 Mich App 88, 95; 693 NW2d 170 (2005).

an appellate body reviewing the Commission's decision. The Tax Tribunal did not address Autodie's argument under MCL 211.150(3), likely because the Commission had not made any decision on that ground for it to review. We conclude that the Tax Tribunal properly declined to address this unpreserved issue.

Similarly, we decline to address this unpreserved issue on appeal. This Court will generally decline to address unpreserved issues unless "a miscarriage of justice will result from a failure to pass on them, . . . the question is one of law and all the facts necessary for its resolution have been presented, or [it is] necessary for a proper determination of the case."[18] While this is a question of law for which the necessary facts have been presented, to properly address this issue, this Court would need to address issues that the parties did not raise or argue either below or on appeal. These include whether the Commission could correct the allegedly improper assessment under MCL 211.150(3) and whether MCL 211.150(3) and MCL 205.731(a) conflict. We have neither the benefit of a decision by the Commission or the Tax Tribunal nor sufficient briefing by the parties. We therefore decline to review the issue.

### 3. PROPERTY OMITTED UNDER MCL 211.154

Autodie contends that the Tribunal should have determined that this case concerned omitted property. Grand Rapids contends that this suit did not involve an omission. We agree with Grand Rapids.

We conclude that this Court's decision in *Superior Hotels, LLC v Mackinaw Township* does not support Autodie's contention that the assessor's decision to

---

[18] *Heydon v MediaOne of Southeast Mich, Inc*, 275 Mich App 267, 278; 739 NW2d 373 (2007) (quotation marks and citations omitted).

reject Form 4798 resulted in omitted property. In *Superior Hotels*, a taxpayer had built a new motel on its property. The township assessor calculated the property's taxable value in 2001, 2002, and 2003 on the basis of the taxable value that had been established when the construction was only half completed. However, construction had been completed in 1999. The State Tax Commission adjusted the property's value upward for the tax years at issue. The Tax Tribunal ruled that the Commission did not have jurisdiction to do so under MCL 211.154 because it reasoned that the property had not been incorrectly reported or omitted.[19]

This Court reversed the Tax Tribunal's judgment.[20] We reasoned that the additional 50% of the construction that was completed constituted an addition.[21] Additions included omitted property that was discovered after the tax roll was complete, and construction that was not previously in existence.[22] The assessor failed to add the value of the addition to the assessment.[23] We concluded that the addition was therefore omitted property, and the Commission had jurisdiction to correct the assessment.[24]

We conclude that the facts in *Superior Hotels* are distinguishable from the facts in this case. In *Superior Hotels*, the assessor failed to count 50% of the taxpayer's property. Here, the assessor counted all of Autodie's personal property. Autodie does not contend that the assessor's rejection of Form 4798 resulted in the assessor's failing to count or consider any of its personal property.

---

[19] *Superior Hotels*, 282 Mich App at 623-624.

[20] *Id.* at 624.

[21] *Id.* at 638.

[22] *Id.* at 636-637, citing MCL 211.34d(1)(b).

[23] *Id.* at 639.

[24] *Id.* at 638-639.

Property is not omitted when an assessor determines a property's value.[25] In this case, the assessor *did* determine the value of Autodie's personal property, even though it rejected Autodie's use of Form 4798. We conclude that Autodie's personal property was not omitted within the meaning of MCL 211.154.

### 4. PROPERTY INCORRECTLY REPORTED UNDER MCL 211.154

Autodie contends that its property was incorrectly reported under MCL 211.154 because the assessor incorrectly reported the property's type (disqualifying it as automotive manufacturing equipment) by rejecting Form 4798. Grand Rapids contends that an assessor cannot incorrectly report property because the *taxpayer* reports the property, not the assessor. We agree with Grand Rapids. An assessor does not "report" under MCL 211.154, and therefore the property was not incorrectly reported.

In sum, we agree with the Tax Tribunal's succinct statement, "[t]he taxpayer 'reports' and the taxing authority 'assesses.' "[26] We afford an agency's interpretation of the statutes that it executes respectful consideration, if its interpretation does not conflict with the plain language of the statute.[27] We conclude that the Tax Tribunal's interpretation faithfully interprets the statute's language.

The statutory scheme for taxing personal property assigns distinct duties to taxpayers and assessors. Personal property located in Michigan is subject to prop-

[25] See *Orion Twp v State Tax Comm*, 195 Mich App 13, 18; 489 NW2d 120 (1992).

[26] *SSAB Hardtech, Inc v State Tax Comm*, 13 MTT 164, 174 (Docket No. 288672), issued March 30, 2004.

[27] *In re Complaint of Rovas Against SBC Mich*, 482 Mich 90, 103; 754 NW2d 259 (2008); *Superior Hotels*, 282 Mich App at 629-630.

erty taxes.[28] This property must be assessed annually.[29] The person who possesses or owns the property makes a statement of his or her personal property.[30] The assessor is not bound by the taxpayer's personal property statement.[31] The assessor determines the property to be assessed and "in estimating the value of that property . . . shall exercise his or her best judgment."[32] The assessor then makes and completes the assessment roll.[33]

Autodie contends that the assessor's action is a report. When the Legislature has not defined a statute's terms, we may consider dictionary definitions to aid our interpretation.[34] Considering only the dictionary definition of the word "report," Autodie's interpretation is a plausible interpretation. The verb "report" has many definitions, several of which fit this context: "to relate, as the results of one's observation or investigation," "to give a formal account or statement of," "to make known the presence, absence, condition, etc., of," and "to relate, tell."[35] It is plausible that an assessor might incorrectly observe, account, make known, or relate a taxpayer's personal property. Thus, considering only the dictionary definition, an assessor's action appears to be a report.

We have also considered whether *both* the taxpayer *and* the assessor may incorrectly report under MCL 211.154, and we conclude that this interpretation would

---

[28] MCL 211.1; *Ford Motor Co*, 475 Mich at 444.

[29] MCL 211.10(1); *Ford Motor Co*, 475 Mich at 444.

[30] MCL 211.19(2); *Ford Motor Co*, 475 Mich at 445.

[31] MCL 211.24(f); *Ford Motor Co*, 475 Mich at 446.

[32] MCL 211.24(f).

[33] MCL 211.24(f). See *Ford Motor Co*, 475 Mich at 445.

[34] *Oakland Co Bd of Co Rd Comm v Mich Prop & Cas Guaranty Ass'n*, 456 Mich 590, 604; 575 NW2d 751 (1998).

[35] *Random House Webster's College Dictionary* (2005), defs 10, 11, 13, and 16.

not be consistent with the statute as a whole. The use of different terms within the same statute indicates that the terms have different meanings.[36] In drafting the General Property Tax Act,[37] the Legislature used the phrase "incorrectly *reported*" in MCL 211.154, but used the phrase "improperly *assessed*" in MCL 211.150(3). Because the Legislature used different terms, we conclude that incorrectly reporting and improperly assessing are distinctly different activities.

The difference between reporting, which is the activity of the taxpayer, and assessing, which is the activity of the assessor, becomes clear when we read and consider the statutory scheme as a whole. Under the act, it is clear that the assessor's duty is more specific than simply making a statement of the taxpayer's personal property. The assessor must also estimate the property's value and make and complete the assessment roll. To put it another way, the assessor does not simply give a formal account of the personal property or make it known, but also processes the information and applies his or her judgment to determine the property's true cash value. In contrast, the taxpayer's only duty in this regard is to make the property known by making a statement of the property. The taxpayer's duty activity adheres much more closely to the common meaning of "report."

Considering the statute's plain language, the statute as a whole, and the Legislature's use of different terms, we conclude that the Legislature intended MCL 211.154 to apply to situations in which the *taxpayer* incorrectly reported its personal property on a personal property statement.

---

[36] *US Fidelity & Guarantee Co*, 484 Mich at 14.

[37] MCL 211.1 *et seq*.

We also conclude that Autodie's allegations did not involve incorrect reporting under MCL 211.154. Autodie did not contend that it—the taxpayer—had incorrectly submitted its personal property statement. Autodie instead contended that the assessor had incorrectly reported its personal property by rejecting the form on which it made that statement. But the assessor does not report: the assessor assesses. Because there is no indication that Autodie's allegations involved an incorrect report, we conclude that the Commission properly determined that it lacked jurisdiction under MCL 211.154.

### III. AUTODIE'S ADDITIONAL ISSUES

Autodie raises several additional arguments in its statement of issues presented. Autodie premises these arguments on its assertion that the Tax Tribunal improperly affirmed the Commission's decision to reject Autodie's petition. Because we have concluded that the Tax Tribunal properly affirmed the Commission's decision, we do not reach these additional issues.

### IV. CONCLUSION

We conclude that the Tax Tribunal properly affirmed the Commission's decision to dismiss Autodie's petition because it lacked subject-matter jurisdiction. The assessor's rejection of Form 4798 was not an issue of omitted or incorrectly reported property under MCL 211.154. It may have been an issue of improperly *assessed* property under MCL 211.150(3), but Autodie did not raise that issue or argue it before the Tax Commission, and we decline to review it. We do not reach the remainder of Autodie's issues on appeal because the Tax Tribunal properly dismissed Autodie's case for lack of subject-matter jurisdiction.

We affirm.

FITZGERALD, P.J., and SAAD and WHITBECK, JJ., concurred.