# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

CITY OF DEXTER,

          Petitioner-Appellant,

v

CHELSEA HEALTH & WELLNESS
FOUNDATION and POWER WELLNESS
MANAGEMENT LLC,

          Respondents-Appellees.

UNPUBLISHED
December 20, 2018

No. 342364
Tax Tribunal
LC No. 17-004637

Before: SWARTZLE, P.J., and SAWYER and RONAYNE KRAUSE, JJ.

PER CURIAM.

Petitioner appeals as of right the Tax Tribunal's order granting defendants' motion for summary disposition and dismissing petitioner's appeal of an earlier State Tax Commission (STC) decision for lack of jurisdiction. We affirm.

## I. BACKGROUND

Respondent Chelsea Health & Wellness Foundation (Chelsea Health) is a non-profit health group that owns property in the City of Dexter upon which it erected the Dexter Wellness Center (DWC). Chelsea Health contracted with respondent Power Wellness Management (PWM), a for-profit management company, to manage the DWC.

A dispute arose regarding whether Chelsea Health was exempt under MCL 211.7o(1) from paying *ad valorem* property tax for the DWC property. The dispute was eventually resolved when a panel of this Court concluded that because Chelsea Health "has satisfactorily proven that it is a charitable organization and owns and occupies the DWC, which it uses solely for the purposes for which it was incorporated, [Chelsea Health] is entitled to exemption from property taxes under MCL 211.7o(1)." *Chelsea Health & Wellness Foundation v Township of Scio*, unpublished per curiam opinion of the Court of Appeals, issued October 12, 2017 (Docket No. 332483), p 18, lv den 502 Mich 879.

While that appeal was pending, petitioner filed an application with the STC seeking to impose property taxes for the DWC on PWM for years 2014 through 2016 as a user of tax-exempt property under MCL 211.181. In its application, petitioner argued that "MCL

-1-

211.154(1) provides the authority for the STC to place the corrected assessment on the tax rolls, specifically including users subject to tax under MCL 211.181." The STC denied the application, concluding that it did not have jurisdiction to resolve the dispute.

Petitioner then appealed the STC's decision to the Tax Tribunal. Petitioner again relied on MCL 211.154(1), which it argued "provides authority for the State Tax Commission to place the corrected assessment of 'omitted property' on the tax rolls, specifically including uses subject to tax under MCL 211.181." Defendants moved for summary disposition, arguing that "only a person to whom property is assessed" may appeal the STC's order to the Tax Tribunal under MCL 211.154. The Tax Tribunal concluded that MCL 211.154 "only permits *an aggrieved taxpayer* and not the assessing or taxing authority, to appeal the decision of the STC regarding the correction of an assessment under MCL 211.154." Thus, the Tax Tribunal granted defendants' motion for summary disposition under MCR 2.116(C)(8).

This appeal followed.

## II. ANALYSIS

The sole question presented by this appeal is a legal one: whether MCL 211.154 grants the assessing authority the right to appeal a decision of the STC to the Tax Tribunal. We review legal questions de novo, including whether the tribunal had jurisdiction over petitioner's appeal. *Trostel, Ltd v Dep't of Treasury*, 269 Mich App 433, 440; 713 NW2d 279 (2006). "Summary disposition pursuant to MCR 2.116(C)(8) tests the legal basis of the claim and is granted if, considering the pleadings alone, the claim is so manifestly unenforceable as a matter of law that no factual progression could possibly support recovery." *PIC Maint, Inc v Dep't of Treasury*, 293 Mich App 403, 407; 809 NW2d 669 (2011) (cleaned up).

MCL 211.154 provides in pertinent part:

(1) If the state tax commission determines that property subject to the collection of taxes under [the General Property Tax Act] . . . and the commercial redevelopment act . . . has been incorrectly reported or omitted for any previous year, but not to exceed the current assessment year and 2 years immediately preceding the date the incorrect reporting or omission was discovered and disclosed to the state tax commission, the state tax commission shall place the corrected assessment value for the appropriate years on the appropriate assessment roll. The state tax commission shall issue an order certifying to the treasurer of the local tax collecting unit if the local tax collecting unit has possession of a tax roll for a year for which an assessment change is made or the county treasurer if the county has possession of a tax roll for a year for which an assessment change is made the amount of taxes due as computed by the correct annual rate of taxation for each year except the current year. Taxes computed under this section shall not be spread against the property for a period before the last change of ownership of the property.

* * *

(7) A person to whom property is assessed under this section may appeal the state tax commission's order to the Michigan tax tribunal.

Omitted real property is defined as "previously existing tangible real property not included in the assessment." MCL 211.34d(1)(b).

The Legislature "has granted the STC general supervisory authority over the assessment of property for taxation." *Superior Hotels v Mackinaw Twp*, 282 Mich App 621, 632; 765 NW2d 31 (2009). A taxpayer or assessor may seek the STC's correction of an assessment roll under MCL 211.152(1). MCL 211.154(1) grants the STC the jurisdiction to correct the assessment rolls for omitted property. See also MCL 211.150; *Superior Hotels*, 282 Mich App at 638-639.

MCL 211.154(7) sets forth the Tax Tribunal's jurisdiction to hear an appeal of the STC's decision whether to make a correction under MCL 211.154(1). This subsection grants the Tax Tribunal jurisdiction only for appeals brought by the *taxpayer*. See *Autodie, LLC v City of Grand Rapids*, 305 Mich App, 423, 435; 852 NW2d 650 (2014). An aggrieved assessor may seek review of the STC's decision in circuit court, rather than the Tax Tribunal. See *Midland Cogeneration Venture Ltd Partnership v Naftaly*, 489 Mich 83, 90-91; 803 NW2d 674 (2011) (holding that STC decisions that are final decisions of an administrative agency are appealable to the circuit courts).[1]

Accordingly, because the Tax Tribunal did not have jurisdiction to review the STC's decision under MCL 211.154(1), the Tax Tribunal properly granted defendants' motion for summary disposition.

Affirmed.

/s/ Brock A. Swartzle
/s/ David H. Sawyer
/s/ Amy Ronayne Krause

---

[1] Our conclusion is consistent with another panel's recent opinion in *City of Monroe v Janssens*, unpublished per curiam opinion of the Court of Appeals, issued May 9, 2017 (Docket No. 329527). The issue in *Janssens* was legally indistinguishable from the issue presented in this case and, although unpublished opinions are not precedentially binding, we find persuasive the *Janssens* panel's analysis.