# Order

**Michigan Supreme Court**
**Lansing, Michigan**

April 19, 2019

157056

SUNNYBROOK GOLF BOWL & MOTEL,
INC.,
                Petitioner-Appellant,

v

CITY OF STERLING HEIGHTS,
                Respondent-Appellee.

_____/

Bridget M. McCormack,
*Chief Justice*

David F. Viviano,
*Chief Justice Pro Tem*

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
*Justices*

SC: 157056
COA: 332357
MTT: 00-455797

On order of the Court, the application for leave to appeal the December 7, 2017 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

VIVIANO, J. (*dissenting*).

I respectfully dissent from the Court's order denying leave to appeal. I would grant leave to appeal to determine whether the Court of Appeals erred by holding that the Tax Tribunal has authority to make a finding of "omitted real property." Petitioner sought review in the Tax Tribunal of the true cash and taxable values assigned to its property by respondent, the city of Sterling Heights. The Tax Tribunal, on its own initiative, found that respondent's assessor had omitted certain portions of petitioner's property when determining the true cash value of the property. Based upon this finding of "omitted real property," the Tax Tribunal significantly increased the valuation of petitioner's property, thereby also significantly increasing petitioner's tax liability. Petitioner argued in the Court of Appeals, and now argues in its application for leave to appeal in our Court, that the Tax Tribunal lacked statutory authority to make a determination of omitted real property. Petitioner contends that only the State Tax Commission (the Commission) has the authority to make a finding of omitted real property. I believe the plain language of the relevant statutes may support petitioner's argument.

MCL 205.737(1) provides that "[t]he tribunal shall determine a property's taxable value pursuant to section 27a of the general property tax act, 1893 PA 206, MCL 211.27a." MCL 211.27a(1), in turn, sets a property's "taxable value" at 50% of its "true cash value."[1] Regarding the annual calculation of a property's "taxable value," MCL 211.27a(2) provides:

[1] "True cash value" is defined as "the usual selling price at the place where the property to which the term is applied is at the time of assessment . . . ." MCL 211.27(1).

(2) Except as otherwise provided in subsection (3), for taxes levied in 1995 and for each year after 1995, the taxable value of each parcel of property is the lesser of the following:

(a) The property's taxable value in the immediately preceding year minus any losses, multiplied by the lesser of 1.05 or the inflation rate, *plus all additions*. For taxes levied in 1995, the property's taxable value in the immediately preceding year is the property's state equalized valuation in 1994.

(b) The property's current state equalized valuation. [Emphasis added.]

The term "additions," under MCL 211.34d(1)(b), is defined to include "omitted real property." MCL 211.34d(1)(b)(*i*) defines "omitted real property" as "previously existing tangible real property not included in the assessment."

The Legislature has provided specific guidance on how "omitted real property" is to be added to the tax roll. MCL 211.34d(1)(b)(*i*) provides, "Omitted real property for the current and the 2 immediately preceding years, discovered after the assessment roll has been completed, shall be added to the tax roll pursuant to the procedures established in section 154." MCL 211.154(1), in turn, states that "[i]f the state tax commission determines that property subject to the collection of taxes under this act . . . has been incorrectly reported or omitted for any previous year . . . the state tax commission shall place the corrected assessment value for the appropriate years on the appropriate assessment roll." The Commission has promulgated in its general rules specific procedures for reporting and assessing omitted real property.[2]

The Tax Tribunal, in turn, has appellate authority to review determinations made by the Commission. MCL 211.154(7) provides that "[a] person to whom property is assessed under this section may appeal the state tax commission's order to the Michigan tax tribunal." The Court of Appeals in past cases has recognized the Tax Tribunal's appellate role. In *Superior Hotels, LLC v Mackinaw Twp*, the Court of Appeals noted that "[t]he Tax Tribunal is vested with jurisdiction over matters previously heard by the State Tax Commission *as an appellate body*."[3]

In *Autodie LLC v Grand Rapids*, the Court of Appeals recognized four areas where the Commission "has original subject-matter jurisdiction to initially hear and investigate

---

[2] See Mich Admin Code, R 209.31 *et seq*.

[3] *Superior Hotels, LLC v Mackinaw Twp*, 282 Mich App 621, 632 (2009) (quotation marks and citation omitted).

petitions"—one of which is "property omitted under MCL 211.154."[4] The Court of Appeals further held that the Tax Tribunal properly refused to address an issue within one of these four areas, since the issue had not been raised before the Commission.[5] The Court of Appeals explained:

> A party may petition the Commission to initiate an investigation of alleged improper assessment. The Commission has original jurisdiction over claims of improper assessment, and *initially* hears and investigates these claims. . . .
>
> * * *
>
> Autodie raised this issue for the first time before the Tax Tribunal. However, the Tax Tribunal was acting as an appellate body reviewing the Commission's decision. The Tax Tribunal did not address Autodie's argument under MCL 211.150(3), likely because the Commission had not made any decision on that ground for it to review. We conclude that the Tax Tribunal properly declined to address this unpreserved issue.[6]

In tension with *Autodie*'s analysis, the Court of Appeals in this case held that the Tax Tribunal "has not only the jurisdiction, but the duty to address omitted property when calculating a property's taxable value."[7] The Court of Appeals reached this conclusion because MCL 205.737 gives the Tax Tribunal the authority to determine a property's taxable value and because MCL 211.154 "does not speak to the Tribunal or to property the Tribunal has determined to have been omitted, nor does it prohibit the Tribunal from adding omitted property to an assessment."[8]

---

[4] *Autodie LLC v Grand Rapids*, 305 Mich App 423, 429 (2014).

[5] *Id*. at 436.

[6] *Id*. at 430 (citations omitted).

[7] *Sunnybrook Golf Bowl & Motel, Inc v Sterling Hts*, unpublished per curiam opinion of the Court of Appeals, issued December 7, 2017 (Docket No. 332357), p 5.

[8] *Id*. at 3.

While it is true that MCL 211.154 does not expressly grant exclusive jurisdiction over omitted real property to the Commission, I am troubled by the Court of Appeals' analysis. I am not convinced that the Tax Tribunal's general authority under MCL 205.737 to determine a property's taxable value gives it the specific authority to make initial determinations of omitted real property. The whole-text canon " 'calls on the judicial interpreter to consider the entire text, in view of its structure and of the physical and logical relation of its many parts.' "[9] Applying that canon here, under MCL 205.737(1) the Tax Tribunal has the power to determine a property's taxable value pursuant to MCL 211.27a. As discussed above, MCL 211.27a requires the calculation of "additions," which, under MCL 211.34d, includes omitted real property. Again, however, MCL 211.34d(b)(*i*) states that "[o]mitted real property . . . shall be added to the tax roll pursuant to the procedures established in section 154." MCL 211.154 then grants the power of determining omitted real property to the Commission.

In short, I am not convinced that the Court of Appeals' opinion is correct. Because this case presents a jurisprudentially significant question about the limits of the Tax Tribunal's authority, I would grant leave to appeal.

---

[9] *South Dearborn Environmental Improvement Ass'n, Inc v Dep't of Environmental Quality*, 502 Mich 349, 367 n 16 (2018), quoting Scalia & Garner, *Reading Law: The Interpretation of Legal Texts* (St. Paul: Thomson/West, 2012), p 167.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 19, 2019



Clerk

p0416