*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

VHS OF MICHIGAN, INC., doing business as
DETROIT MEDICAL CENTER,

Plaintiff-Appellant,

v

FARM BUREAU GENERAL INSURANCE
COMPANY OF MICHIGAN,

Defendant-Appellee.

UNPUBLISHED
July 30, 2019

No. 344583
Wayne Circuit Court
LC No. 17-007435-NF

Before: TUKEL, P.J., and JANSEN and RIORDAN, JJ.

PER CURIAM.

Plaintiff appeals as of right a stipulated order of dismissal entered in this no-fault insurance action for personal injury protection (PIP) benefits. We vacate the trial court's order granting defendant's motion for summary disposition and remand.

## I. BACKGROUND

This case arises out of a plaintiff's attempt to recover, under Michigan's no-fault law, MCL 500.3101 *et seq.*, PIP benefits from defendant[1] for medical services plaintiff provided to Fred Mouzon, who was injured in a motor-vehicle accident. The pertinent timeline of events is as follows:

- June 7, 2016: Mouzon, a pedestrian, sustains injuries after being struck by a motor vehicle.

- May 16, 2017: Plaintiff files complaint against defendant, alleging direct cause of action for recovery of PIP benefits.

---

[1] Mouzon was uninsured on the date of the accident so the Michigan Assigned Claims Plan assigned his claim to defendant.

- May 25, 2017: Supreme Court issues its decision in *Covenant Med Ctr, Inc v State Farm Mut Auto Ins Co*, 500 Mich 191; 895 NW2d 490 (2017), holding that medical providers do not have a direct cause of action for PIP benefits against no-fault insurers.

- June 6, 2017: Mouzon files his own, independent lawsuit against defendant, seeking recovery of PIP benefits.

- June 13, 2017: Plaintiff obtained an assignment of rights from Mouzon.

- June 21, 2017: Plaintiff files First Amended Complaint, changing cause of action on the basis of assignment.

Defendant thereafter filed a motion for partial summary disposition pursuant to MCR 2.116(C)(10) and argued, in pertinent part, that plaintiff could not recover benefits for services provided before June 13, 2016, i.e., one year before Mouzon assigned his rights to plaintiff, because of the one-year back rule contained in MCL 500.3145. In response, plaintiff argued that the pertinent point of reference for application of the one-year-back rule was the date on which plaintiff commenced this action, i.e., May 16, 2017, and not the date on which the assignment was executed.

The trial court ruled that plaintiff did not acquire a cause of action against defendant until the assignment was executed on June 13, 2017. Further, the assignment could not "relate back" to the date plaintiff filed the original complaint because plaintiff "did not have a valid cause of action against a no-fault insurer until the date that [plaintiff] acquired an assignment of rights." Consequently, the court granted defendant's motion for partial summary disposition, with the understanding that plaintiff could only recover damages incurred in the one year preceeding the date on which Mouzon signed the assignment.

## II. ANALYSIS

On appeal, plaintiff argues that that the pertinent point of reference for the application of MCL 500.3145's one-year-back rule is the date on which plaintiff filed its complaint or, in the alternative, the date on which Mouzon filed his independent lawsuit.

This Court reviews a trial court's decision on a motion for summary disposition de novo. *Auto-Owners Ins Co v Campbell-Durocher Group Painting & Gen Contracting, LLC*, 322 Mich App 218, 224; 911 NW2d 493 (2017). When reviewing a motion brought under MCR 2.116(C)(10), a court considers all affidavits, pleadings, depositions, admissions, and documents then-filed in the case in a light most favorable to the nonmoving party. *Smith v Globe Life Ins Co*, 460 Mich 446, 454; 597 NW2d 28 (1999). A motion for summary disposition is appropriately granted under this subrule "if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Auto-Owners Ins*, 322 Mich App at 224 (citation omitted).

MCL 500.3145(2)[2] contains the one-year-back rule and provides, in pertinent part, that "the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced."

In *Jawad A Shah, MD, PC v State Farm Mut Auto Ins Co*, 324 Mich App 182; 920 NW2d 148 (2018), this Court addressed the issue of how to apply the one-year-back rule in a case similar to this one. In *Shah*, the healthcare-provider plaintiffs filed a direct cause of action against the defendant insurer on February 24, 2017. *Id*. at 202. On May 25, 2017, our Supreme Court held in *Covenant Med Ctr, Inc*, 500 Mich at 196, that a healthcare provider cannot bring a direct cause of action against a no-fault insurer for PIP benefits. On July 11, 2017, the plaintiffs in *Shah* obtained assignments of rights from the individual who was allegedly entitled to no-fault benefits from the defendant. *Shah*, 324 Mich App at 202-203. The plaintiffs then sought to amend their complaint in order to change their direct cause of action to one predicated on the assignments of rights. *Id*.

The plaintiffs argued that the assignments related back to the date of the original complaint, thereby allowing "them to pursue benefits incurred during the year preceding the date of February 24, 2017." *Id*. The defendant argued "that the date of the assignments—July 11, 2017—provide[d] the pertinent reference date for purposes of the one-year-back rule because plaintiffs' motion actually sought leave to file a supplemental pleading rather than an amended pleading." *Id*. at 203.

After consideration of both the plaintiffs' and the defendant's arguments on this matter, this Court determined that the pleading the plaintiffs wanted to file was a supplemental pleading, not an amended pleading. *Id*. at 204-205. This was because the plaintiffs never had standing to bring a direct cause of action against the defendant, and the plaintiffs only gained the ability to maintain any action against the defendant on the date the assignments were signed. *Id*. at 204. Additionally, as the "plaintiffs actually sought to file a supplemental pleading, it could not relate back to the date of the original pleading." *Id*. at 204-205, citing MCR 2.118(D) and (E).

In *Shah*, the assignments were signed on July 11, 2017. *Shah*, 324 Mich App at 204. If the assignor had "filed an action directly against defendant on July 11, 2017, he would not have been permitted to recover benefits for any portion of the loss incurred one year before that date." *Id*. The *Shah* Court emphasized that the plaintiffs obtained the same rights that the assignor "actually held at the time of the assignment." *Id*. at 205. On the date of the assignment in *Shah*, July 11, 2017, the assignor had the right to pursue damages from the defendant for losses that occurred during the one year proceeding July 11, 2017. *Id*. at 204-205. Thus, this Court concluded that "through the assignments in this case, [the] plaintiffs did not obtain the right to pursue no-fault benefits for any portion of the loss incurred more than one year before July 11, 2017, because that is the pertinent point of reference for purposes of the one-year-back rule." *Id*. at 205.

---

[2] This one-year-back provision previously was found in MCL 500.3145(1), but it was amended in part and moved to subsection (2) by 2019 PA 21, effective June 11, 2019.

Here, plaintiff argues that its first amended complaint, in which it asserted standing predicated on Mouzon's assignment, relates back to its original complaint. This argument directly contradicts what this Court said in *Shah*. See *id.* at 203-205 (explaining that the pleading the plaintiffs wanted to file in order to change their cause of action from a direct one to one predicated on assignments was a supplemental, rather than amended, pleading which could not relate back to the plaintiffs' original complaint). As we noted in *Shah*, the plaintiff's amended complaint could not relate back to its original complaint because plaintiff had no right of recovery at the time it filed its original complaint, and it only obtained rights later through the assignment. *Id.* at 204. Thus, plaintiff's argument is without merit.

Plaintiff also argues that the one-year-back limitation period was tolled pursuant to MCL 600.5856 while the litigation proceeded below and before obtaining an assignment from Mouzon. This argument also runs contrary to Michigan caselaw. MCL 600.5856 provides:

> The statutes of limitations or repose are tolled in any of the following circumstances:
>
> (a) At the time the complaint is filed, if a copy of the summons and complaint are served on the defendant within the time set forth in the supreme court rules.
>
> (b) At the time jurisdiction over the defendant is otherwise acquired.
>
> (c) At the time notice is given in compliance with the applicable notice period under section 2912b, if during that period a claim would be barred by the statute of limitations or repose; but in this case, the statute is tolled not longer than the number of days equal to the number of days remaining in the applicable notice period after the date notice is given.

In *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 202-203; 815 NW2d 412 (2012), our Supreme Court addressed the question of whether another tolling provision, the "minority/insanity tolling provision of MCL 600.5851(1)," applied "to toll the one-year-back rule in MCL 500.3145[] of the no-fault act." The Court held, "The minority/insanity tolling provision in MCL 600.5851(1) does not apply to toll the one-year-back rule in MCL 500.3145[] because the one-year-back rule is a damages-limiting provision and does not concern when an action may be brought." *Id.* at 222. The Court explained:

> Although the minority/insanity tolling provision may certainly toll myriad statutory provisions that contain a statute of limitations, it cannot toll the one-year-back rule of MCL 500.3145[] because the one-year-back rule is not a statute of limitations in that it does not limit the period of time within which a claimant may file an action; rather, the one-year-back rule places a limitation on the amount of damages a claimant is entitled to recover. Furthermore, the one-year-back rule does not serve those purposes typically associated with a statute of limitations because it does not operate to cut off a claim or bar the action or the recovery; it simply limits the compensation available to the claimant. Because the no-fault act's one-year-back rule and the [ ] minority/insanity tolling provision

serve manifestly different purposes and function independently of each other, the one-year-back rule is not the subject of tolling under the minority/insanity tolling provision. [*Id*. at 216-217.]

The same reasoning applies in this case. The one-year-back rule is not a statute of limitations. *Id*. It is also not a statute of repose. See *Frank v Linkner*, 500 Mich 133, 142; 894 NW2d 574 (2017) ("[A] statute of limitations is generally measured from the date a claim accrues, while a statute of repose is measured from some other particular event, such as 'the date of the last culpable act or omission of the defendant.' ") (citation omitted). Because MCL 600.5856 only tolls "statutes of limitations or repose," it does not toll the one-year-back rule found in MCL 500.3145, which is a damage-limiting provision.

Plaintiff also argues, as it did in its motion for reconsideration at the trial court, that alternatively the significant date for purposes of the one-year-back rule is June 6, 2017, the date on which Mouzon filed his independent lawsuit, not July 13, 2017, the date of the assignment. However, "[w]here an issue is first presented in a motion for reconsideration, it is not properly preserved." *Vushaj v Farm Bureau Gen Ins Co of Mich*, 284 Mich App 513, 519; 773 NW2d 758 (2009). Although we could exercise our discretion to address the issue, we decline to do so. See *Autodie, LLC v Grand Rapids*, 305 Mich App 423, 431; 852 NW2d 650 (2014). Moreover, if we were to review the issue, plaintiff's position that it can recover for losses accrued within one year of the date Mouzon filed his independent lawsuit appears to be without merit. MCL 500.3145(2) provides that a plaintiff "may not recover benefits for any portion of the loss incurred more than 1 year before the date on which *the action* was commenced." (Emphasis added.) The use of the definite article "the" denotes the Legislature's intent to allow for a plaintiff to recover for losses incurred within the year of filing *the instant complaint*. See *Robinson v City of Lansing*, 486 Mich 1, 14-15; 782 NW2d 171 (2010) (stating that the use of "the" indicates a "specific or particular" thing). Thus, the pertinent "action" is not the one Mouzon filed.

Through a supplemental filing with this Court, plaintiff also relies on a recent change to the no-fault law, in which the Legislature enacted 2019 PA 21, which amended in part and moved the one-year-back rule to subsection (2) of § 3145 and added subsection (3), which states:

A period of limitations applicable under subsection (2) to the commencement of an action and the recovery of benefits is tolled from the date of a specific claim for payment of the benefits until the date the insurer formally denies the clam. This subsection does not apply if the person claiming the benefits fails to pursue the claim with reasonable diligence.

The threshold legal question is whether the new statute applies to this case. We generally apply the law in effect at the time we render a decision, but we may not if to do so would have an improper retroactive effect. *Landgraf v USI Film Products*, 511 US 244, 263-264; 114 S Ct 1483; 128 L Ed 2d 229 (1994).

On the present record, we are unable to tell if applying the amended statute could make a difference here. Plaintiff claims that because defendant has never formally denied the claim, the period of limitations has been tolled ever since the claim was submitted, per the amended statute.

-5-

Assuming without deciding that this statutory provision should be applied retroactively to the time defendant's motion for summary disposition was decided at the trial court, the record is devoid of the pertinent facts that would be needed to apply this statutory provision. In other words, the parties have not identified anything in the lower court record that would identify "the date of a specific claim for payment of the benefits" or "the date the insurer formally denies the claim." This is not surprising, nor a critique of the parties, as these dates were not relevant at the time the motion for summary disposition was being litigated. Although plaintiff argues that defendant never has "formally denied" the claim, therefore making such a date unascertainable on this record, defendant effectively denied this assertion in its answer to plaintiff's complaint. Factually, therefore, we are unable to discern whether the amended statute *could* make a difference, before we even address the legal issues involved.

As such, we vacate the trial court's grant of defendant's motion for summary disposition and remand to allow plaintiff to file a supplemental response brief opposing defendant's motion for summary disposition, limited solely to the applicability of new subsections (2) and (3) of § 3145, including the threshold question of retroactivity. The trial court shall then permit defendant to file a supplemental reply brief in response to plaintiff's supplemental brief, limited to the same subjects. After receiving these supplemental filings, the court will render its decision regarding defendant's motion for summary disposition.

We affirm the trial court's rulings with respect to the issues as they existed at the time it ruled on defendant's motion for summary disposition, and vacate the trial court's order and remand for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Jonathan Tukel
/s/ Kathleen Jansen
/s/ Michael J. Riordan