*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CITY OF DEXTER,

       Petitioner-Appellant,

v

POWER WELLNESS MANAGEMENT, LLC,

       Respondent-Appellee,

and

CHELSEA HEALTH & WELLNESS
FOUNDATION,

       Intervening Respondent-Appellee.

UNPUBLISHED
March 4, 2021

No.  349793
Washtenaw Circuit Court
LC No.  18-000981-AA

CITY OF DEXTER,

       Petitioner-Appellant,

v

POWER WELLNESS MANAGEMENT, LLC,

       Respondent-Appellee.

No.  351074
Washtenaw Circuit Court
LC No.  19-000691-AA

Before:  SWARTZLE, P.J., and RONAYNE KRAUSE and RICK, JJ.

PER CURIAM.

-1-

In these consolidated tax liability appeals, in Docket No. 349793, petitioner, the City of Dexter (Dexter), appeals by leave granted[1] the trial court's opinion and order dismissing Dexter's circuit court appeal from a decision of the State Tax Commission (STC), which denied Dexter's request for a change of assessment for the Dexter Wellness Center (DWC) for the 2015, 2016, and 2017 tax years. In Docket No. 351074, Dexter appeals by leave granted[2] the trial court's order denying Dexter's circuit court application for leave to appeal a second decision of the STC, which denied Dexter's second request for a change of assessment for the property for the 2016 tax year. Dexter argues that the trial court erred by dismissing its petitions to assess tax filed pursuant to MCL 211.154. We affirm.

## I. PERTINENT FACTS

This appeal involves the latest in a series of cases disputing whether the DWC is subject to tax under the General Property Tax Act, MCL 211.1 *et seq.*, or the Taxation of Lessees or Users of Tax-Exempt Property Act, MCL 211.181 *et seq.* We briefly review that history. In a previous decision, a panel of this Court reversed the tax tribunal's decision that the DWC did not qualify for tax-exempt status. *Chelsea Health & Wellness Foundation v Scio Twp*, unpublished per curiam opinion of the Court of Appeals, issued October 12, 2017 (Docket No. 332483). This decision had the effect of removing the DWC property from the tax rolls from 2014 forward.[3] During discovery related to that case, Dexter discovered that Chelsea Health & Wellness Foundation had hired Power Wellness Management, LLC (PWM) to manage the DWC facility. Dexter asserted that PWM was taxable as a lessee-user under MCL 211.181(1).[4] Dexter filed a petition under MCL 211.154 (§ 154 petition) with the STC stating that the DWC was improperly omitted from the tax rolls for 2015, 2016, and 2017, and that PWM should be added to the rolls as the party responsible for the tax. The STC concluded that it lacked subject-matter jurisdiction and rejected Dexter's petition. Dexter appealed the STC's decision to the Washtenaw Circuit Court. While the appeal was pending, Dexter filed a second § 154 petition with the STC for 2016. The Washtenaw Circuit Court dismissed Dexter's first appeal, concluding that the STC was "not authorized to make the determination that [PWM] is (or is not) a lessee-user for purposes of MCL 211.181." The STC also rejected Dexter's second petition, again concluding it did not have subject-matter jurisdiction over the petition. Dexter applied for leave to appeal the STC's second decision to the Washtenaw Circuit Court, which again denied Dexter's appeal. This appeal followed.

---

[1] *Dexter v Power Wellness Mgt, LLC*, unpublished order of the Court of Appeals, entered December 26, 2019 (Docket No. 349793).

[2] *Dexter v Power Wellness Mgt, LLC*, unpublished order of the Court of Appeals, entered December 26, 2019 (Docket No. 351074).

[3] Although the decision specifically addressed the 2014 and 2015 tax years, we assume, for the purpose of this appeal, that if there was no intervening change in the law or factual basis for the panel's decision, the tax exemption under MCL 211.7o would remain in place for future years.

[4] MCL 211.181(1) imposes a tax on a lessee or user of tax-exempt property used in connection with a "business conducted for profit." *Kalamazoo v Richland Twp.*, 211 Mich App 531, 536; 562 NW2d 237 (1997).

On appeal, Dexter argues that the circuit court erred in its determination that the tax tribunal, and not the STC, must determine whether PWM met the criteria of MCL 211.181(1). Dexter also asserts that the circuit court erred in concluding that property could not be added to the tax roll under MCL 211.154 until a decision was made by the tax tribunal under MCL 211.181(1) establishing PWM's liability. Dexter claims that the circuit court's determination incorrectly interpreted MCL 211.154 and rendered a portion of the statute surplusage or nugatory. Dexter argues that the circuit court's ruling that the tax tribunal and not the state tax commission must first determine if a property is subject to tax under MCL 211.181(1) should be reversed. Dexter also argues that the STC erred by determining that it did not have subject-matter jurisdiction over Dexter's appeal. We disagree on all accounts.

## II. STANDARD OF REVIEW

"This Court reviews de novo the interpretation and application of tax statutes." *Autodie, LLC v Grand Rapids*, 305 Mich App 423, 427; 852 NW2d 650 (2014). This issue involves a question of the statutory jurisdictional boundaries of the two administrative agencies charged with the administration of property taxes.

> When interpreting a statute, our goal is to give effect to the intent of the Legislature. The language of the statute itself is the primary indication of the Legislature's intent. If the language of the statute is unambiguous, we must enforce the statute as written. This Court reads the provisions of statutes "reasonably and in context," and reads subsections of cohesive statutory provisions together. [*Id.* at 428 (citations omitted).]

## III. ANALYSIS

The trial court did not err by concluding that the STC lacked subject-matter jurisdiction. This Court has delineated the subject-matter jurisdiction of the state tax commission as follows:

> [T]here are four areas in which the Commission has original subject-matter jurisdiction to initially hear and investigate petitions: property fraudulently assessed under MCL 211.150(3), property improperly assessed under MCL 211.150(3), property omitted under MCL 211.154, and property incorrectly reported under MCL 211.154. [*Id.* at 429.]

In this case, Dexter asserts only that the STC had subject-matter jurisdiction because the property was omitted from the rolls. But "[p]roperty is not omitted when an assessor determines a property's value." *Id.* at 433. The tax rolls reflected the existence of the property and its value. The issue is whether the tax under MCL 211.181(1) applied at all. Because none of the four areas of subject-matter jurisdiction discussed in *Autodie, LLC* apply, the STC was correct to conclude that it did not have subject-matter jurisdiction.

In any event, MCL 211.154(1) does not confer any authority to the STC to decide what property is subject to taxation under MCL 211.181(1). MCL 211.154(1) provides in relevant part:

> *If the state tax commission determines that property subject to the collection of taxes under this act*, including property subject to taxation under 1974 PA 198,

-3-

MCL 207.551 to 207.572, 1905 PA 282, MCL 207.1 to 207.21, 1953 PA 189, MCL 211.181 to 211.182, and the commercial redevelopment act, 1978 PA 255, MCL 207.651 to 207.668, *has been incorrectly reported or omitted for any previous year*, but not to exceed the current assessment year and 2 years immediately preceding the date the incorrect reporting or omission was discovered and disclosed to the state tax commission, the state tax commission shall place the corrected assessment value for the appropriate years on the appropriate assessment roll. [Emphasis added.]

By its plain language, MCL 211.154(1) defines the STC's authority to act on "incorrectly reported or omitted" property. This sentence, as written, does not confer authority to determine whether the property is taxable. Rather, the language only grants STC the authority to determine if such property is omitted and, if so, to correct the appropriate tax roll. The verb phrase "determines that" refers to the object "property subject to the collection of taxes under this act . . . has been incorrectly reported or omitted . . . ." The noun of the object—property—is limited and qualified by the phrase "subject to the collection of taxes under this act." In other words, the structure of this statutory language presupposes that the property was already determined to be "subject to the collection of taxes under this act." The plain language of MCL 211.154 does not support Dexter's claim that STC has any authority to determine whether property is subject to taxation. Such an interpretation would require us to add words to the statute, which is impermissible. See *Detroit Pub Sch v Conn*, 308 Mich App 234, 248; 863 NW2d 373 (2014) ("[N]othing may be read into a statute that is not within the intent of the Legislature apparent from the language of the statute itself.").

Because the trial court correctly held that the STC lacked jurisdiction, we do not address Dexter's remaining arguments. Respondent, being the prevailing party, may tax costs pursuant to MCR 7.219.

Affirmed.

/s/ Brock A. Swartzle
/s/ Amy Ronayne Krause
/s/ Michelle M. Rick

-4-